EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  José R. López de Victoria Brás | Querella  2004 TSPR 176  163 DPR ____ |
|---|---|

Número del Caso: CP-2000-13

Fecha: 22 de septiembre de 2004

Oficina del Procurador General:

Lcda. Yvonne Casanova Pelosi
Procuradora General Auxiliar


Abogado del Querellado:

Por Derecho Propio


Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 12 de noviembre de 2004.)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. López de Victoria Brás

CP-2000-13

PER CURIAM

San Juan, Puerto Rico, a 22 de septiembre de 2004.

El Lcdo. José R. López de Victoria Brás fue admitido al ejercicio de la abogacía en abril de 1966 y fue autorizado a ejercer el notariado en mayo del mismo año. Ha practicado la profesión en el área oeste de Puerto Rico, principalmente en el Municipio de Mayagüez, donde ubica su oficina.

En el mes de agosto de 1997 el Juez Rivera Román intervino por primera vez en el caso Westernbank v. José R. López de Victoria, ICD 95-0093, sobre ejecución de hipoteca, en el Tribunal de Primera Instancia, Sala Superior de Mayagüez, asignado originalmente a otro juez. En este caso el querellado figuraba como demandado y comparecía por derecho propio. El juicio en su fondo

había comenzado ya desde el mes de mayo de 1998, pero debido a múltiples suspensiones, al comenzar el año 1999, la presentación de la prueba de la parte demandante no había podido ser completada. El 10 de febrero de 1999 el Juez Rivera Román emitió una Resolución denegando una suspensión solicitada por el licenciado López de Victoria. En la Resolución, el juez aludido explicó que la denegatoria se debió a que "por razones atribuibles a las partes", varios señalamientos de juicio habían sido suspendidos y, tras la dilación, debía continuarse con los procedimientos. A raíz de esta determinación, el licenciado López de Victoria presentó una "Moción Solicitando Término para Oposición a una Sentencia Sumaria Solicitada". En la misma, el querellado imputaba al Juez Rivera Román su incumplimiento con el Canon I de Ética Judicial y alegaba que la trayectoria del juez aludido en ese caso constituía una de "prejuicios, parcialidad y ahora premeditación". El 3 de marzo de 1999 el Juez Rivera Román emitió una Resolución mediante la cual indicaba que el texto y título de la moción presentada por el querellado no tenían "correlación racional o lógica", que la moción no hacía "referencia a la Regla 63 de Procedimiento Civil" ni cumplía "con las formalidades requeridas por ésta". Finalmente, le concedió un plazo a López de Victoria para presentar nuevamente su moción al amparo de la Regla 63 de Procedimiento Civil. De todas formas, el juez hizo un señalamiento para el 4 de mayo de 1999.

Llegado el día del juicio, el querellado presentó una moción en la Secretaría del tribunal informando de una solicitud de inhibición que había presentado ese mismo día contra el Juez Rivera Román. Éste no fue informado de ello ni se unió copia de la moción al expediente del caso. Ese día, además, las partes llegaron a un acuerdo transaccional y lo sometieron al tribunal para su aprobación. El Juez Rivera aceptó el acuerdo y dictó una sentencia conforme al mismo el 6 de mayo de 1999.

La solicitud de inhibición presentada el 4 de mayo de 1999 suplicaba que se declarara que el Juez Rivera debía inhibirse de todos los casos en los que el licenciado López de Victoria participara como parte o como abogado. En la petición, el abogado hizo los siguientes señalamientos, entre otros: (1) "existe en mi mente y criterio que una animosidad es latente contra el suscribiente en sus procedimientos personales y que va extendiéndose a otros [en] que actúa como abogado de tercera persona"; (2) "la actitud del [Juez] ha sido una de prejuicio que ha llevado a la certeza del abogado suscribiente de que él o sus representados no tendrán un juicio justo"; (3) el Juez "sin causa o justificación ha hecho imputaciones y/o insinuaciones de violaciones a los Cánones de Ética Profesional lo cual es demostrativo de una animosidad, ataque personal o imputaciones contra la dignidad profesional del suscribiente impidiendo su participación directa en defensa de sus derechos". Además, el querellado imputó al Juez Rivera Román haber violado los Cánones I y XII

de Ética Judicial, que entre otras cosas, prohíben que un juez actúe movido por prejuicio o parcialidad.

Esta moción fue atendida por el Juez Carlos Alvarado Arroyo, quien desestimó la petición aludida por entender que no estaba debidamente fundamentada. Inconforme, el querellado solicitó una reconsideración y determinaciones de hechos. Ambas peticiones fueron desestimadas por haber sido presentadas tardíamente, y además porque, según el Juez Alvarado, resultaban "inoficiosas".

A raíz de la denegatoria del Juez Alvarado, el querellado presentó, esta vez ante el propio Juez Rivera Román, en el caso Westernbank v. López de Victoria, *supra*, una nueva solicitud para que el juez Rivera Román se inhibiera voluntariamente de todos los casos en que el querellado tuviera intervención como parte o como representante legal. En la petición el querellado también imputó al juez Rivera Román haber tenido conocimiento de la solicitud de inhibición presentada el 4 de mayo y haber faltado a la verdad al negar ese hecho. Alegó, además, que el Juez Administrador había puesto al juez concernido en conocimiento de la anterior solicitud de inhibición. En atención a la nueva solicitud, el Juez Rivera emitió una Resolución mediante la cual dispuso: "Nada que proveer", puesto que la sentencia dictada en ese caso era final y firme.

En cuanto a la solicitud de inhibición atendida por el Juez Alvarado, en lugar de recurrir de la determinación, el

querellado envió a la Oficina de Administración de Tribunales (en adelante OAT) una carta, fechada el 6 de julio de 1999, querellándose en contra del Juez Rivera Román por tener una supuesta animosidad en su contra y solicitando una "investigación" administrativa "por entender que sus actuaciones son contrarias a la Administración de la Justicia, la Ética Judicial, el Debido Procedimiento de Ley y las Reglas de Administración del Tribunal de Primera Instancia". Solicitó asimismo que se ordenara al Juez Rivera Román inhibirse de los casos en los que el licenciado López de Victoria participara. En esta misiva el querellado alegó que "las determinaciones [del Juez] en múltiples procedimientos judiciales ante su consideración y [en] que interviene el suscribiente constituyen actos de parcialidad inusitada en dichos procedimientos de los cuales brota su animosidad hacia el suscribiente, actos que son contrarios a una conducta humana y a la ética judicial". Esta querella fue archivada por la Directora de la Oficina de Asuntos Legales de la OAT, la licenciada Carmen D. Irizarry Resto, quien notificó a López de Victoria su decisión mediante una carta en la que indicó que lo que él planteaba caía "dentro de la discreción judicial que asiste a los jueces" y que la OAT "no está autorizada a intervenir cuando las quejas de los ciudadanos se refieran a una decisión judicial".

El 24 de agosto de 1999 ante otra imputación de parcialidad por parte del querellado, el Juez Rivera Román emitió una Resolución en el caso Carmen Irizarry Toledo v.

Rafael Madera, IDP 98-0411, mediante la cual refirió el asunto a la consideración de este Tribunal, solicitó que se investigara la conducta del abogado y manifestó que se abstendría de intervenir en todos los casos en que participara el querellado mientras se dilucidaba la controversia.

Mientras tanto, López de Victoria continuó haciendo gestiones en la OAT en contra del Juez Rivera. Entre éstas, envió otra carta a la Directora de la OAT solicitando se revisara la decisión de decretar el archivo de su queja. La Directora de la OAT volvió a responderle que no podía intervenir por razón de que las actuaciones del juez querellado caían dentro del marco de su discreción judicial. El 3 de abril de 2000, el querellado envió una tercera misiva a la Directora de la OAT exigiendo mayor consideración del asunto y alegando que la querella presentada por él obligaba a la agencia a realizar una investigación, y que las reglas que rigen las acciones disciplinarias contra jueces "no confieren autoridad unilateral a la señora Administradora de los Tribunales para decidir".

Tras analizar la Resolución emitida el 24 de agosto de 1999 por el Juez Rivera Román, el 9 de septiembre de 1999 le ordenamos al Procurador General que realizara una investigación sobre el asunto y emitiera un Informe tras el cual determinaríamos si procedía o no la presentación formal de una querella. El 3 de agosto de 2000 el Procurador General presentó su Informe.

Luego de considerar los argumentos del querellado en torno al Informe del Procurador, el 21 de noviembre de 2000 emitimos una Resolución mediante la cual ordenamos al Procurador General presentar una querella en contra del licenciado José R. López de Victoria con los correspondientes cargos. La querella fue presentada el 15 de diciembre de 2000. En la misma se formularon los siguientes cargos:

Cargo I:

El Lcdo. José R. López de Victoria Brás violentó los principios establecidos por el Canon 9 (4 L.P.R.A. Ap. IX C. 9) el cual, entre otras cosas, obliga a todo abogado a desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia.

Cargo II:

El Lcdo. José R. López de Victoria Brás violentó los principios establecidos por el Canon 35 el cual, entre otras cosas, dispone que el abogado deberá ajustarse a la sinceridad de los hechos no sólo al examinar testigos y redactar documentos sino también al presentar sus causas.

El 17 de mayo de 2001 designamos mediante Resolución al licenciado Enrique Rivera Santana como Comisionado Especial para que evaluara los cargos, recibiera evidencia y formulara las determinaciones pertinentes. El Comisionado celebró una vista evidenciaria en la cual las partes tuvieron la oportunidad de presentar testigos y prueba documental. Como resultado de su gestión, el Comisionado presentó su informe ante nos el 21 de febrero de 2003 relatando los hechos antes mencionados. El querellado compareció a exponer su posición

respecto al referido informe. Alegó esencialmente que el informe del Comisionado Especial contenía múltiples imprecisiones fácticas, por haber adoptado las determinaciones del informe rendido por la OAT tras investigar el asunto. Además, alegó que no existía motivo para que se le presentara una querella, aparte del hecho de que el Juez quejoso se sintiera agraviado por la solicitud de inhibición que él formulara. Quedando sometido el caso, procedemos a resolver.

## II

El Canon 9 de Ética Profesional[1] dispone, en lo pertinente, lo siguiente: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden de la administración de la justicia en los tribunales".

Hemos manifestado que "denota escasa competencia profesional" por parte de un abogado el que "en lugar de utilizar argumentos persuasivos para convencer al tribunal recurra al uso de lenguaje soez para adelantar los intereses de su cliente. Sobre todo, resulta nefasto para la buena práctica de la profesión el que un abogado haga serias imputaciones sobre el obrar de un juez, cuando dichas imputaciones no están avaladas con evidencia contundente e

---

[1] 4 L.P.R.A. Ap. IX, C. 9.

indubitada". <u>In re Crespo Enríquez</u>, 147 D.P.R. 656 (1999) (Citas omitidas). Además, es necesario puntualizar que "el abogado no tiene licencia absoluta en el uso del lenguaje para poner en entredicho o mancillar la dignidad de los jueces. En este sentido, al constantemente recurrir al apuntamiento de que el tribunal actuó con "prejuicio, pasión y parcialidad", sin sustanciarlo o sin motivos fundados para así creerlo, **es un comportamiento censurable que hemos de rechazar.** Tal conducta y estilo forense rebasan el ámbito de lo legítimo. Deben desalentarse. <u>In re Cardona Álvarez</u>, 116 D.P.R. 895 (1986) (Énfasis suplido).

Por su parte, el Canon 35 de Ética Profesional[2] dispone, en lo aquí pertinente, lo siguiente:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> ....
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar testigos, al redactar affidávit u otros documentos, y al presentar las causas.

Como se desprende, este canon impone a todo abogado unas normas mínimas de conducta, indispensables para preservar el honor y la dignidad de la profesión. <u>In re Collazo Sánchez</u>, res. el 30 de junio de 2003, 159 D.P.R. \_\_\_\_, 2003 TSPR 128, 2003 JTS 129; <u>In re Soto Colón</u>, res. el 9 de noviembre de 2001, 155 D.P.R. \_\_\_\_, 2001 TSPR 166, 2001 JTS 166. "Todo el

---

[2] 4 L.P.R.A. Ap. IX, C. 35.

entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales". In re Currás Ortiz, 141 D.P.R. 399 (1996).

III

En este caso no nos cabe duda de que el querellado violentó lo dispuesto en el Canon 9 del Código de Ética Profesional al presentar ante el Tribunal escritos donde imputaba prejuicio y parcialidad al juez que atendía sus causas sin fundamentar debidamente esas alegaciones. Incluso, llegó al extremo de insistir en que la OAT investigara al Juez Rivera, aún cuando la agencia ya había determinado que el Juez había actuado correctamente y dentro del marco de su discreción. Con sus imputaciones infundadas, el querellado propició en la sala del tribunal un ambiente inestable y colmado de tensión. Su comportamiento reiterado provocó que el Juez afectado se viera precisado a presentar la queja que nos ocupa solicitando se investigara su conducta. Esta conducta es reprochable y no debe quedar impune.

Concluimos además que el querellado actuó en contravención del mandato esbozado en el Canon 35 al aseverar que el Juez Rivera Román alegaba un falso desconocimiento de la solicitud de inhibición presentada en su contra. La conclusión a la que llegó el querellado, de que el Juez Administrador se había reunido con el juez quejoso para

informarle sobre la solicitud de inhibición no fue debidamente fundamentada o sustanciada. La explicación ofrecida por el querellado tampoco le mereció credibilidad al Comisionado Especial, según se desprende de la página 25 de su informe. Esto permite inferir que no fue sincero en su alegación, lo que constituye una violación al Canon 35.

IV

Por los fundamentos expuestos procede la suspensión del querellado del ejercicio de la abogacía por un mes, y hasta que este Tribunal disponga lo contrario.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. López de Victoria Brás

CP-2000-13

SENTENCIA

San Juan, Puerto Rico, a 22 de septiembre de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. José R. López de Victoria Brás del ejercicio de la abogacía por un mes, y hasta que este Tribunal disponga lo contrario.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo