

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2010 TSPR 18 |
| | |
| | 178 DPR ____ |
| José R. López de Victoria Brás | |

Número del Caso: TS-2787

Fecha: 27 de enero de 2010

Abogado de la Parte Peticionaria:

      Por derecho propio

Materia: Conducta Profesional

(La suspensión será efectiva el 2 de febrero de 201   0 fecha en que se le notificó al abogado de su suspensión inme   diata).

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correcciones  del proceso de compilación y publicación oficial de  las decisiones del Tribunal. Su distribución electrónica  se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

José R. López de Victoria Brás          TS-2787

PER CURIAM

San Juan, Puerto Rico a 27 de enero de 2010.

Nuevamente nos vemos obligados a intervenir disciplinariamente con la conducta profesional del Lcdo. José R. López de Victoria Brás. A pesar de nuestra advertencia cuando anteriormente lo suspendimos por ejercer ilegalmente la abogacía, éste ha reincidido. Procedemos a imponerle las medidas disciplinarias correspondientes.

**I**

El Lcdo. López de Victoria Brás fue admitido al ejercicio de la abogacía y la notaría en 1966. En el año 2004 lo suspendimos del ejercicio de la profesión por un mes, debido a su incumplimiento

con los Cánones 9 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9 y C. 35. Véase In re José R. López de Victoria Brás, 163 D.P.R. 1 (2004). Transcurrido el término dispuesto, el letrado fue reinstalado al ejercicio de la profesión.

No obstante, a López de Victoria Brás se le suspendió de nuevo indefinidamente del ejercicio de la abogacía en marzo de 2005, precisamente por haber incurrido en el ejercicio ilegal de la profesión durante su suspensión. Véase In re López de Victoria Brás, 164 D.P.R. 193 (2005). Sin embargo, lo reinstalamos al ejercicio de la abogacía ese mismo año, apercibiéndolo de que si volvía a incurrir en la práctica ilegal de la profesión, entonces tomaríamos medidas disciplinarias más severas.

Posteriormente, se presentó ante este Tribunal un recurso de certiorari en el caso Elisa V. Cabán Cabán v. Aida E. Muñiz Aponte, CC-2008-0054, en el que se cuestionó, entre otras cosas, la determinación del Tribunal de Apelaciones de que el abogado de la parte demandada, López de Victoria Brás, no había violado la suspensión que se le había impuesto por este Tribunal al comparecer ante el foro de instancia mientras estaba suspendido. Ante dicha alegación, le concedimos un término al Procurador General para que investigara la posible práctica ilegal de la abogacía de parte del letrado.

Luego de la investigación correspondiente, el Procurador General concluyó que López de Victoria Brás

violó la suspensión disciplinaria impuesta por este Foro al presentar un escrito ante el Tribunal de Primera Instancia mientras estaba suspendido del ejercicio de la abogacía. En específico, el Procurador General señaló que López de Victoria Brás presentó una contestación a la demanda y una reconvención el 13 de diciembre de 2004 en el caso <u>Cabán Cabán v. Muñiz Aponte</u>, civil. núm. ISCI2004-1133, antes de que fuera reinstalado al ejercicio de la profesión el 17 de diciembre de ese mismo año.

A su vez, López de Victoria Brás presentó una réplica a dicho Informe y negó la violación imputada. Sin embargo, no proveyó prueba alguna que rebatiera el hecho de que presentó la contestación a la demanda y la reconvención el 13 de diciembre de 2004, cuando todavía estaba suspendido.

En vista de ello, el 20 de marzo de 2009 emitimos una Resolución en la que le concedimos a  López de Victoria Brás un término de diez días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Posteriormente, el 17 de abril de 2009, ante una moción de prórroga presentada por el letrado, le concedimos un término final e improrrogable de diez días para cumplir con la referida orden. Aunque López de Victoria compareció, éste sólo se expreso sobre asuntos relacionados a su obra notarial, por lo que concluimos que no había cumplido con nuestra orden.[1]

---

[1] Nótese que el licenciado López de Victoria Brás está suspendido del ejercicio de la notaría desde el 16 de marzo de 2005. *Véase* In re José R. López de Victoria Brás, 164

Así las cosas, el 16 de octubre de 2009 le concedimos un término final de diez días para que cumpliera con nuestra Resolución de 20 de marzo de 2009, pero no fue hasta el 12 de noviembre del mismo año que López de Victoria Brás compareció ante este Tribunal mediante moción en cumplimiento de orden. En dicha moción el letrado expresó nuevamente argumentos sobre las deficiencias señaladas en su obra notarial. Así, pues, no adujo razón alguna por la cual no debería ser suspendido del ejercicio de la profesión a raíz de lo expuesto en el Informe del Procurador General, quien concluyó que el abogado practicó la profesión de la abogacía durante el período en que se encontraba suspendido.

A la luz de lo anterior, entendemos que López de Victoria Brás no compareció oportunamente, ni fue responsivo a los requerimientos de este Tribunal ante los hallazgos del Procurador General.

## II

Como reiteradamente hemos señalado, todo abogado tiene la obligación de ser responsivo ante los requerimientos de este Tribunal, particularmente cuando se trata de asuntos relacionados a su conducta profesional. Por esta razón, en múltiples ocasiones hemos resuelto que no cumplir oportunamente con las órdenes de este Foro y, por lo tanto,

---

D.P.R. 193 (2005). A tales efectos, sus contestaciones a los requerimientos de este Tribunal han versado sobre su suspensión del ejercicio de la notaría, sin haber mostrado causa por la cual no debería ser suspendido del ejercicio de la abogacía por haber presuntamente practicado ilegalmente la profesión.

mostrar indiferencia ante nuestros señalamientos y apercibimientos, es razón suficiente para que un abogado sea suspendido del ejercicio de la profesión. In re García Vallés, res. el 7 de noviembre de 2007, 2007 T.S.P.R. 196; In re Rivera Torres, res. el 11 de octubre de 2007, 2007 T.S.P.R. 186; In re Reyes, Rovira, 139 D.P.R. 42 (1995).

Por otro lado, hemos concluido en múltiples ocasiones que es conducta inaceptable que un abogado presente escritos firmados por él ante un tribunal mientras se encuentra suspendido del ejercicio de la abogacía. Ello, sin duda, merece de por sí medidas disciplinarias de parte de este Tribunal. Véanse In re Gordon Menéndez, res. el 18 de mayo de 2007, 2007 T.S.P.R. 108; In re Cepeda Parrilla, 108 D.P.R. 527 (1979). Esto, pues practicar la profesión estando suspendido es una acción nociva tanto para la ciudadanía en general como para los tribunales, ya que son éstos quienes se afectan a base de un engaño realmente inexcusable.

En este caso, es evidente que López de Victoria Brás incumplió con la diligencia que requiere toda orden de este Tribunal. Surge claramente del expediente que en la Resolución emitida el 20 de marzo de 2009 se le ordenó al abogado que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. No obstante, éste compareció el 13 de abril de 2009 mediante una solicitud de prórroga, donde alegó que el 29 de octubre de 2008 había sometido una moción en la que señaló que no había incurrido

en la práctica ilegal de la abogacía. Este último documento, sin embargo, no rebatió con prueba fehaciente las imputaciones del Procurador General.

Al no contestar oportuna y suficientemente, el 16 de octubre de 2009 le concedimos un término final y definitivo de diez días para cumplir con la referida orden, apercibiéndolo de las consecuencias que acarrearía el incumplimiento de ésta. Sin embargo, López de Victoria Brás no presentó contestación alguna para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía a base del referido Informe del Procurador General que concluyó que había incurrido en la práctica ilegal de la profesión.

Por otro lado, se desprende del expediente que la referida contestación a la demanda y reconvención fue ponchada en la Secretaría del Tribunal de Primera Instancia el 13 de diciembre de 2004. Por ende, es forzoso concluir que, en ausencia de prueba que evidencie lo contrario, López de Victoria Brás presentó dicho documento durante el período en que estaba suspendido de la abogacía. Es evidente que al proceder de esa manera, López de Victoria Brás practicó ilegalmente la profesión.

Por entender que López de Victoria Brás no fue diligente al contestar nuestras órdenes, e incumplió con nuestros requerimientos a pesar de todas las oportunidades que le concedimos, concluimos que su conducta es contraria al deber de todo abogado de atender diligentemente las

órdenes de este Tribunal. Además, por haber presentado ante el foro de instancia un documento como abogado durante su período de suspensión, entendemos que incurrió en la práctica ilegal de la profesión. Procede, por lo tanto, que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

**III**

Por las razones anteriormente expuestas, se suspende inmediata e indefinidamente a López de Victoria Brás del ejercicio de la abogacía.

Se le impone, además, el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. También, deberá acreditar y certificar ante este Tribunal el cumplimiento de lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

José R. López de Victoria Brás          TS-2787

SENTENCIA

San Juan, Puerto Rico a 27 de enero de 2010.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia se suspende inmediata e indefinidamente a López de Victoria Brás del ejercicio de la abogacía.

Se le impone, además, el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. También, deberá acreditar y certificar ante este Tribunal el cumplimiento de lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo