*In re* GLADYS IGLESIAS STRONG.

*Número:* MC-85-59     *Resuelto:* 7 de noviembre de 1985

*Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogada de El Pueblo.

## RESOLUCIÓN

En el escolio 4 de la opinión en *Reyes* v. *Jusino,* 116 D.P.R. 275, 292 (1985), señalamos lo siguiente:

> Desconocemos si la notario Iglesias Strong al remitir copia de la escritura núm. 21 al Secretario de Hacienda, conforme lo requiere la Ley Notarial, 4 L.P.R.A. sec. 1006, acompañó también copia del contrato privado que según las partes y su autenticación era el que consignaba el precio real y verdadero.

A tenor con lo anterior referimos el asunto a la Oficina del Procurador General para que investigara e informara sobre la conducta profesional de la Lic. Gladys Iglesias Strong. El Procurador sometió su informe. Por los fundamentos que expresaremos más adelante, procede archivar este asunto.

El 15 de mayo de 1975 los esposos Reyes y Díaz otorgaron ante la notario Iglesias Strong una escritura denominada

"Compraventa, Reconocimiento de Hipoteca y Constitución de Hipoteca". Como precio de compraventa se hizo constar en dicha escritura la cantidad de $61,000. Subsiguientemente por documento privado ante la misma notario y sin comparecer la señora Reyes se consignó que "las partes desean aclarar que el precio verdadero de compr[av]enta es noventa y cinco mil dólares ($95,000.00)" y a tal efecto los esposos Jusino Negrón firmaron un pagaré por $51,000 a favor de Reyes exclusivamente. Esta parte de la transacción consta de los afidávit 7349 y 7347 de la obra notarial de la licenciada Iglesias Strong. Surge de la opinión de este Tribunal y de la investigación, que todos estos documentos fueron autenticados ante la notario en la misma fecha. Por problemas surgidos, se radicó el pleito que dio lugar a la opinión de este Tribunal el 3 de abril de 1985, que resuelve que el contrato privado era válido.

La cuestión a resolver es si la notario estaba obligada a remitir al Departamento de Hacienda, además de la escritura original, el contrato privado que alteró el precio real originalmente consignado en la escritura.

■ La Ley Núm. 99 de 27 de junio de 1956, para regular el ejercicio de la profesión notarial, no incluyó disposición alguna que obligara al notario a remitir a una agencia gubernamental información sobre los negocios jurídicos relacionados con bienes inmuebles. Mediante la Ley Núm. 43 de 16 de mayo de 1974 se impuso a los notarios el deber de remitir al Secretario de Hacienda copia fiel y exacta de toda escritura otorgada ante ellos de cualquier título traslativo de propiedad inmueble cuya cuantía exceda de $25,000. (4 L.P.R.A. sec. 1006.) No fue hasta el 1980, al aprobarse la Ley Núm. 84 de 3 de junio, que se impuso a los notarios los siguientes deberes:

Disponiéndose además, [que] será deber de todo notario ante quien se otorgue cualquier segregación, agrupación y título traslativo del dominio de propiedad inmueble, remitir al Secretario de Hacienda, no más tarde del lunes imediata-

mente siguiente a la fecha del otorgamiento, una planilla informativa sobre la segregación, agrupación y/o traslado de dominio de bienes inmuebles suministrada libre de costo por el Secretario de Hacienda con la siguiente información: nombre, dirección residencial y/o postal y número de seguro social o el número de cuenta asignado a cada uno de los otorgantes; número de la escritura, fecha de la transacción, localización de la finca o fincas, cuantía envuelta, número catastral de la propiedad o propiedades asignados por el Departamento de Hacienda, o en su defecto el número del notario autorizante. El número catastral de la propiedad se tomará de la última notificación o recibo contributivo disponible expedido por el Secretario de Hacienda. Este documento deberá ser presentado por el vendedor u otorgante al notario y si el vendedor u otorgante no tuviere dicho recibo o notificación, deberá obtenerlo de la Oficina de Distrito del Negociado de Contribución sobre la Propiedad y Herencia del Departamento de Hacienda de la jurisdicción contributiva correspondiente.

Se dispone que la Oficina de Distrito del Negociado de la Contribución sobre la Propiedad y Herencia ofrecerá el número catastral o de codificación dentro de los próximos dos días laborables siguientes de ser solicitado. De no ser posible deberá expedir certificación negativa haciendo constar las razones por las cuales no puede ofrecer el número solicitado. Esta certificación deberá remitirse al Secretario de Hacienda en unión a la planilla informativa.

■ Como bien señala la delegada del Procurador General, a la fecha de la transacción objeto de este asunto, la única obligación legal de la notario era remitir copia de la escritura, lo cual hizo. Por lo tanto, no venía obligada legalmente a remitir copia del contrato privado. Tampoco lo requería el Departamento de Hacienda para esa época. Esta aparente falla fue corregida por la Ley Núm. 84 de 1980. Claro está, desde el 3 de junio de 1980 es obligatorio remitir todo documento, aunque no sea una escritura pública, al Secretario de Hacienda.

Por otro lado, la investigación del Procurador General revela que el contrato privado no fue otorgado simultáneamente

con la escritura y que la notario Iglesias Strong no recomendó el otorgamiento de dicho contrato ni participó en las negociaciones entre las partes. No hay prueba para inferir que la notario tuviera la intención de defraudar al erario público.

Por los motivos anteriormente expuestos, se decreta el archivo de este asunto. Se ordena al Secretario General Interino publicar esta Resolución.

Lo acordó el Tribunal y certifica el Secretario General Interino. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*