EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2005 TSPR 137   |
| Roberto Alonso Santiago   | 165 DPR _____   |

Número del Caso: CP-2003-10

Fecha: 13 de septiembre de 2005

Oficina del Procurador General:

        Lcda. Noemí Rivera de León
        Procuradora General Auxiliar

Abogado del Peticionario:

        Lcdo. Felipe Sanabria Quiñones

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL DE PUERTO RICO

*In re*

Roberto Alonso Santiago                    CP-2003-10

PER CURIAM

San Juan, Puerto Rico a, 13 de septiembre de 2005

Rosemary Fabucci Fernández presentó una queja ante este Tribunal contra el Lcdo. Roberto Alonso Santiago, en la cual alegó que acudió a éste para tramitar la eliminación de un antecedente penal menos grave y que la negligencia y desinterés que desplegó el licenciado Alonso en la tramitación de su caso fueron la causa de que ella perdiera su empleo. Alegó, además, que el licenciado Alonso no la mantuvo informada de los trámites importantes acaecidos relacionados con su caso.

Referimos la queja al Procurador General para que realizara una investigación y nos sometiera el correspondiente informe. Así lo hizo. En el mismo el Procurador General

indicó que, luego de haber evaluado las comparecencias de las partes y los documentos pertinentes, entendía que no existía suficiente evidencia que justificara el inicio de un procedimiento disciplinario en contra del querellado. No estando de acuerdo con la posición asumida por el Procurador General, mediante Resolución a tales efectos, instruimos a éste para que radicara querella contra el mencionado abogado.[1]

En la querella radicada se formulan dos cargos contra el licenciado Alonso. En el primer cargo se le imputa haber violado el Canon 18 del Código Ética Profesional, 4 L.P.R.A. Ap. IX, C.18, al no defender los intereses de su cliente de forma diligente. En el segundo, se le imputa haber violado el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19, por no haber mantenido a su cliente informado de asuntos importantes que surgieron en el desarrollo del caso que le había sido encomendado. En su contestación a la querella, el Lcdo. Alonso Santiago alega, en síntesis, que durante todo el tiempo que actuó como representante legal de Fabucci Fernández, él desplegó la diligencia que requería el trámite de su caso y que en

---

[1] Comenzado el procedimiento disciplinario, es al Tribunal al que le corresponde determinar si ordena que se retiren los cargos, que se archive la querella o que se impongan sanciones disciplinarias. De estimar el Procurador General, por alguna razón o causa, que se deben retirar los cargos o de alguna forma variar o modificar la orden del Tribunal, deberá solicitar permiso mediante moción bien fundamentada. Véase: *In re Ciorda*, 118 D.P.R. 659 (1987).

todo momento mantuvo a ésta informada de todos los trámites importantes relacionados con el mismo.

Designamos al Lcdo. José Alberto Morales Rodríguez como comisionado especial en este caso. Luego de celebrada la correspondiente vista, el comisionado especial emitió su informe con su relación del caso y determinaciones de hecho. Habiendo quedado sometido el caso ante nuestra consideración, y contando con el informe del comisionado especial, y los alegatos del Procurador General y del abogado querellado, procedemos a resolver.

I

De las determinaciones de hechos a las que llegó el comisionado especial, luego de analizar tanto la prueba testifical como documental presentada ante sí, se desprende que la relación profesional de la querellante Rosemary Fabucci con el Lcdo. Alonso Santiago comenzó <u>el 23 de marzo de 1999</u> cuando éste último la representó en un caso criminal presentado en su contra por apropiación ilegal menos grave.[2] Durante el trámite de éste caso, Fabucci Fernández le comentó al abogado de la existencia de una previa convicción, también por delito menos grave[3], y de su deseo de realizar los trámites correspondientes

---

[2] Surge de las determinaciones de hecho que, en cuanto a este caso, el licenciado Alonso realizó sus labores profesionales de forma eficiente. El resultado del caso fue una determinación de "no causa" por el juez de instancia y la querellante quedó muy satisfecha.

[3] La convicción fue por el delito de apropiación ilegal. Artículo 165 del Código Penal, 33 L.P.R.A. sec. 4271.

para que dicha convicción fuese eliminada de su récord de antecedentes penales.

Este mismo día, esto es, el 23 de marzo de 1999, el Lcdo. Alonso Santiago realizó gestiones sobre este último asunto y descubrió que se trataba de una convicción por delito menos grave impuesta el 23 de octubre de 1997. El abogado procedió a informarle a Fabucci Fernández que, de conformidad con la entonces vigente Ley Núm. 108 de 21 de junio de 1968, 34 L.P.R.A. sec. 1731, ésta tenía que esperar cinco (5) años, contados desde la fecha de su convicción por el delito menos grave, para que el mismo pudiese ser eliminado de su récord. Es de notar que la antes citada Ley Núm. 108 fue enmendada por la Ley Núm. 367 de 2 de septiembre de 2000 para, entre otras cosas, reducir la espera para la eliminación de un récord por delitos menos graves a tres (3) años.

Fabucci Fernández y el Lcdo. Alonso Santiago no volvieron a tener comunicación hasta marzo del 2001. En dicha ocasión, Fabucci Fernández solicitó los servicios del abogado respecto a un accidente en el cual se había visto involucrada. En esa ocasión, el Lcdo. Alonso Santiago no informó a Fabucci Fernández sobre la enmienda a la Ley Núm. 108, ante.

El 6 de septiembre de 2001, Fabucci Fernández llamó por teléfono a la oficina del Lcdo. Alonso Santiago. Al no poder comunicarse con éste, le informó a su secretaria que había obtenido un empleo y que la directora de recursos

humanos de la compañía le informó que le harían una investigación.[4]

El 11 de septiembre de 2001, Fabucci Fernández llamó nuevamente a la oficina del Lcdo. Alonso Santiago. En esta ocasión, la secretaria le informó haberle dado el mensaje al licenciado sobre la urgencia que ameritaba el solicitar la eliminación de los antecedentes penales que constaban en su récord.

Dos meses después, el 24 de octubre de 2001, Fabucci Fernández fue despedida de su empleo por causa del delito menos grave que aparecía en su récord de antecedentes penales. Esa misma tarde llamó al Lcdo. Alonso Santiago, y esta vez pudo comunicarse con él directamente. La señora Fabucci le explicó lo sucedido y el licenciado le pidió que fuese al otro día a su oficina a suplir datos, y los nombres y dirección de los testigos de reputación. Ésta fue y suplió lo solicitado el 26 de octubre de 2002, más cien dólares ($100) para los gastos del trámite.[5]

El abogado presentó la petición ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 30 de octubre de 2001. Ocho días después, el 7 de noviembre de

---

[4] Aun cuando el licenciado Alonso Santiago alega que su secretaria instruyó a la querellante en cuanto a la necesidad de proveer ciertos datos, y testigos de reputación para preparar un petición jurada ante el Tribunal de Primera Instancia, este hecho no quedó establecido ya que la secretaria del licenciado no estuvo presente en la vista para testificar y, por su parte, la querellante alega no haber recibido dicha información por lo cual no presentó los documentos solicitados.

[5] Para realizar este trámite el licenciado Alonso no solicitó el pago de honorarios.

2001, el referido foro la declaró sin lugar. Por tal razón, el 12 de diciembre de 2001, el abogado solicitó la reconsideración. La misma fue declarada sin lugar el 4 de febrero de 2002.[6]

Ante la tardanza en el trámite de eliminación de antecedentes penales, el 22 de enero de 2002, Fabucci Fernández acudió al tribunal de instancia a revisar su expediente. Mientras realizaba este trámite, miembros del personal del tribunal la dirigieron a la biblioteca donde pudo examinar la Ley Núm. 367, ante. Allí, por primera vez, se enteró de que la ley fue enmendada a fines de acortar el término para poder solicitar la eliminación de delitos menos graves de cinco (5) a tres (3) años. También descubrió que, según la nueva ley, ella podía obtener, mediante un trámite *pro se* ante la Superintendencia de la Policía, la eliminación de su récord criminal.[7] Procedió

---

[6] Aun cuando Fabucci Fernández alega que el licenciado Alonso no le informó que su solicitud había sido declarada no ha lugar, ni de la presentación de una moción de reconsideración, también denegada, el comisionado especial no pudo hacer una determinación sobre este hecho ya que, alegadamente, no existía evidencia suficiente para sostener tal alegación. De modo tal que no está claro si el abogado informó este hecho a su cliente, ni cuándo.

[7] La Ley Núm. 367 dispone, en lo pertinente, que:

En los casos de convicciones por delitos menos graves, cuando el término transcurrido sea de tres (3) años o más, dichas convicciones podrán ser eliminadas por el Superintendente de la Policía a solicitud de la parte interesada mediante declaración jurada acompañada de un comprobante de Rentas Internas por la suma de veinte dólares. Si la petición le fuere denegada por el Superintendente, el interesado podrá comparecer ante el Tribunal de Primera

entonces Fabucci Fernández a dirigirse a la Comandancia, llenó un formulario y lo juró ante notario. <u>Doce días después, el delito menos grave que aparecía en su récord de antecedentes penales fue eliminado.</u>

En la vista en su fondo celebrada ante el comisionado especial, el licenciado Alonso testificó que su práctica era una "intensa de casos criminales", incluyendo considerables participaciones *pro bono*, y que no era su costumbre dirigir a sus clientes a obtener *pro se*, lo que él podía tramitarles sin costo. Testificó, además, que la razón por la cual no informó a la querellante Fabucci Fernández de la enmienda a la Ley Núm. 108, ante fue porque ésta no era su práctica, ya que le resultaba demasiado oneroso llamar a cada uno de sus clientes para informarle de cualquier cambio en ley que pudiese afectar su caso.

II

En cuanto a los cargos que el Procurador General imputó al licenciado Alonso por violación al Canon 18 por no defender los intereses de su cliente, y al Canon 19, por no mantener al cliente debidamente informado, el Comisionado Especial determinó que, en la primera fase de la relación profesional entre el Lcdo. Alonso Santiago y

---

Instancia de Puerto Rico correspondiente mediante una petición original. (Énfasis nuestro).

la señora Fabucci Fernández[8], cuando ésta informó inicialmente su interés en cuanto a la eliminación del delito menos grave de su récord, este sí la asesoró diligentemente y le informó en cuanto a su situación al amparo de la entonces vigente Ley Núm. 108, ante. Sin embargo, en lo que concierne a la segunda fase de la relación profesional entre ambos[9], el licenciado Alonso debió tomar conocimiento de la enmienda a dicha ley y del nuevo procedimiento para solicitar la eliminación de antecedentes penales ante la Superintendencia de la Policía. Determinó, además, el comisionado especial que era la responsabilidad del abogado informar a sus clientes de la misma. Señala, por último, que el abogado inició un trámite judicial, teniendo disponible un trámite administrativo más rápido y sencillo según la nueva Ley. Dicha actuación, según el criterio del comisionado especial, hizo que su clienta tuviera que esperar meses por un trámite que pudo haberse realizado en menos tiempo. Concluyó, que era el deber del Lcdo. Alonso Santiago "educar" a su cliente para que ésta conociera sus derechos y las maneras de hacerlos valer.

En fin, el comisionado especial determinó que el querellado, en efecto, incurrió en conducta violatoria del Canon 18 y el Canon 19 de Ética Profesional, ante. Sin

---

[8] Entre el 23 de marzo de 1999 y el 6 de septiembre de 2001.

[9] Desde el 6 de septiembre de 2001 hasta enero de 2002.

embargo, por tratarse de un caso aislado, y no de un patrón de conducta, recomendó una amonestación.

## III

Todo miembro de la profesión legal tiene el deber de defender diligentemente los intereses de su cliente con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Canon 18 de Ética Profesional, ante; *In re* Grau Díaz, res. 1 de mayo de 2001, 2001 T.S.P.R. 70, 2001 JTS 70; *In re* Águila López, res. 27 de septiembre de 2000, 2000 T.S.P.R. 166; *In re* Acosta Grubb, 119 D.P.R. 595 (1987).

El Canon 18 del Código de Ética Profesional, ante, recoge, en esencia, el deber de todo abogado de atender los intereses de su cliente desplegando la mayor diligencia y cuidado. El mismo, dispone, en lo pertinente, que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Este deber de competencia que consagra el Canon 18 es infringido cuando un abogado, luego de aceptar un caso, no demuestra la competencia y diligencia que exige la práctica de la abogacía y no mantiene informado a su

cliente de los desarrollos del caso. Al así actuar, un abogado incurre en una seria violación de la ética profesional. *In re* Arroyo Rivera, res. el 19 de mayo de 1999, 99 T.S.P.R. 78; *In re* Verdejo Roque, 145 D.P.R. 83 (1998).

Por otra parte, el Canon 19, ante, establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado." De no hacerlo incurre en conducta irresponsable que viola la ética profesional. *In re* Rosario, 116 D.P.R. 642 (1985); *In re* Acosta Grubb, ante; *In re* Cardona Vázquez, 108 D.P.R. 6 (1978).

El deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente. *In Re* Héctor M. Hernández Nazario, Louis De Mier-Le Blanc, res. el 28 de marzo de 2003, 2003 T.S.P.R 45. En atención a ello, en *In re* Laborde Freyre, res. el 27 de junio de 2003, 2003 T.S.P.R. 126, resolvimos que la actuación de un abogado de mantener ajeno a su cliente de las incidencias de su caso constituye una lesión a este Canon y al proceso general de impartir justicia.

En el presente caso, el Lcdo. Alonso Santiago incumplió con los deberes éticos exigidos tanto por el Canon 18, ante, como por el Canon 19, ante, cuando luego de aceptar representar a la querellante, no fue diligente en la defensa de los intereses de ésta. Una defensa diligente, en cumplimiento con el Canon 18, ante, incluía,

ciertamente, el deber de tomar conocimiento de una enmienda en la ley relacionada con un caso que éste tenía ante sí y tramitar el mismo de la forma más rápida y eficiente en beneficio de su cliente. A esos efectos, en *In re* Díaz Alonso, Jr., 115 D.P.R. 755, 761 (1984) expresamos que los abogados tienen la obligación ética de informarse adecuadamente del derecho aplicable a los casos bajo su consideración, para descargar de forma responsable sus obligaciones para con su cliente.

Lo anterior no fue realizado por el aquí querellado ya que, ante el aparente desconocimiento de la enmienda en la nueva ley, inició un trámite judicial que tardó meses, cuando pudo, desde septiembre de 2001, informarle a la querellante que la Ley había sido enmendada y que ella misma podía realizar este trámite sencillo ante la Superintendencia de la Policía[10], posiblemente evitando de este modo que ésta fuese despedida de su empleo.

En cuanto a la violación del Canon 19, ante, hemos sido enfáticos en que un abogado está obligado a mantener a su cliente informado de todo asunto importante que ocurra durante el trámite de su caso. Una enmienda a la Ley relacionada al caso que el abogado está trabajando constituye, ciertamente, un asunto importante que éste debió informarle a su cliente. En el presente caso, el Lcdo. Alonso Santiago estaba obligado a asesorar a su

---

[10] Es de notar, que la querellante obtuvo la eliminación del antecedente penal en sólo doce días.

cliente sobre el curso de acción más indicado; esto incluía educar a su cliente sobre el cambio en la Ley.

En vista de ello, como medida disciplinaria y por tratarse de una primera ofensa, entendemos procedente amonestar al Lcdo. Roberto Alonso Santiago por la conducta incurrida en el presente caso. Éste deberá, en el futuro, ejercer mayor cautela y atenerse estrictamente a los postulados que regulan la profesión de abogado y se le apercibe contra futuras infracciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL DE PUERTO RICO

*In re*
Roberto Alonso Santiago                    CP-2003-10

SENTENCIA

San Juan, Puerto Rico a 13 de septiembre de 2005

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia <u>amonestando</u> al Lcdo. Roberto Alonso Santiago por la conducta incurrida en el presente caso. Éste deberá en el futuro ejercer mayor cautela y atenerse estrictamente a los postulados que regulan la profesión de abogado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo