EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2007 TSPR 169 |
|---|---|
| Samuel Nieves Rodríguez | 172 DPR _____ |

Número del Caso: CP-2006-11

Fecha: 28 de agosto de 2007

Oficina del Procurador General:

Lcda. Celia M. Molano Flores
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Alberto Oscar Couret Torres

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Samuel Nieves Rodríguez

CP-2006-11

PER CURIAM

San Juan, Puerto Rico, a 28 de agosto de 2007

El 13 de Julio de 2004, la señora María D. Álamo Figueroa presentó una queja contra el licenciado Samuel Nieves Rodríguez ante este Tribunal.[1] En dicha queja, alegó que luego de sufrir dos accidentes automovilísticos, uno en el 2001 y otro en el 2002, acudió a la oficina del Lcdo. Nieves Rodríguez para que éste presentara las correspondientes demandas en daños y perjuicios en relación a los mencionados accidentes. Álamo Figueroa sostiene que el Lcdo. Nieves Rodríguez aceptó representarla y, a su vez, le requirió

_____

[1] El Lcdo. Nieves Rodríguez fue admitido al ejercicio de la abogacía el 15 de enero de 1987 y al ejercicio de la notaría el 10 de junio de 1987.

doscientos dólares para comenzar el trámite del primer caso, los cuales ella satisfizo, entregándoselos a la secretaria del abogado.

Luego de satisfecha la mencionada suma de dinero, Álamo Figueroa alega que el Lcdo. Nieves Rodríguez nunca más se comunicó con ella. Además, indicó que las veces en las cuales intentó comunicarse con el abogado para conocer el status de su caso, la secretaria le informaba que éste no se encontraba en la oficina. Ante dicha situación, el 23 de junio de 2003, Álamo Figueroa le envió una carta certificada al Lcdo. Nieves Rodríguez, no recibiendo respuesta a la misma.

Álamo Figueroa también sostiene que en las pocas ocasiones en las cuales logró comunicarse con el Lcdo. Nieves Rodríguez, éste se dirigió a ella de forma grosera. Por dicha razón, Álamo Figueroa le solicitó al aquí querellado que le devolviera los doscientos dólares que ella había adelantado para la tramitación del primer caso. Alegadamente, el Lcdo. Nieves Rodríguez le indicó que cuando tuviese el dinero se lo devolvería.

El Lcdo. Nieves Rodríguez contestó la queja presentada en su contra. En su contestación explicó que su práctica mayormente se ha enfocado en las áreas de Derecho de Familia y de Derecho Criminal. Por dicha razón, cuando en su oficina se presenta un potencial cliente con un caso sobre daños y perjuicios, él acostumbra referirlo, previa autorización del cliente, a unos abogados de su confianza,

quienes analizan la procedencia de la causa de acción y deciden si aceptan el caso o no.[2]

El Lcdo. Nieves Rodríguez indicó, además, que en el 2002 confrontó problemas con su secretaria, quien llevaba laborando para éste por espacio de once años. Dicha secretaria defraudó a varios potenciales clientes al retener, sin autorización, los casos de daños y perjuicios que debieron ser referidos; al retener, además, los casos que los licenciados Ruiz y Reyes devolvían, por éstos estimar que no tenían mérito, informándole falsamente a los clientes que sí se había asumido la representación legal; y, por último, al requerirle a los clientes dinero a nombre de Nieves Rodríguez para sufragar los alegados costos de tramitar el caso.

Específicamente en cuanto a la queja que presentara Álamo Figueroa, Nieves Rodríguez aseguró haberle informado el procedimiento que él suele seguir en relación a los casos de daños y perjuicios, como relatáramos anteriormente, y que ésta aceptó el mismo. En vista de ello, el Lcdo. Nieves Rodríguez sostuvo que le refirió el primer caso de Álamo Figueroa a los licenciados Ruiz y Reyes, quienes decidieron no aceptarlo por entender que no existía nexo causal entre la alegada condición física de ésta y el accidente ocurrido. Nieves Figueroa indicó que,

---

[2] Del expediente surge, como única identificación, que los abogados a quienes el Lcdo. Nieves Rodríguez acostumbra referirle los casos sobre daños y perjuicios son los licenciados Ruiz y Reyes.

acto seguido, instruyó a su secretaria a que citara a Álamo Figueroa para devolverle su expediente.

Nieves Rodríguez sostuvo, por último, que luego de impartir dichas instrucciones, le dio seguimiento al asunto a lo que su secretaria le informó que Álamo Figueroa había recogido su expediente mientras él se encontraba fuera de la oficina. Por esta razón, el querellado entendió que dicho asunto había concluido sin necesidad de seguimiento ulterior.

El 27 de diciembre de 2004 referimos la queja a la Oficina del Procurador General para que llevaran a cabo la investigación pertinente. Luego de los trámites de rigor, instruimos al Procurador General para que procediera con la querella. El 20 de marzo de 2006 se presentó formalmente la querella contra el Lcdo. Nieves Rodríguez. En ella, el Procurador General le imputó a éste haber violado los Cánones 18, 19 y 26 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Contestada la querella por el Lcdo. Nieves Rodríguez, el 30 de junio de 2006 designamos al ex Juez Superior del Tribunal de Primera Instancia, Lcdo. Wilfredo Alicea López, para que en calidad de Comisionado Especial y en presencia de las partes, recibiera prueba y rindiera un informe con sus determinaciones de hechos y recomendaciones.

Posteriormente, el 28 de octubre de 2006, la Sra. Álamo Figueroa expresó que interesaba retirar la queja que originalmente había radicado ante este Tribunal contra

Nieves Rodríguez. El 7 de noviembre de 2006, las partes pactaron ante el Comisionado Alicea López someter el caso por el expediente. El 30 de enero de 2007, el Comisionado Especial emitió un informe en el cual recomendó el archivo y sobreseimiento de la presente querella. Con el beneficio de dicho informe, procedemos a resolver.

I

En reiteradas ocasiones hemos sostenido que todo abogado tiene el deber de defender diligentemente los intereses de su cliente, a tenor con el Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX. *In re* Laureano Molina, res. el 13 de enero de 2004, 2004 TSPR 6; *In re* Laborde Freyre, res. el 27 de junio de 2003, 2003 TSPR 126; *In re* Grau Díaz, 1 de mayo de 2001, 2001 TSPR 70; *In re* Águila López, 152 D.P.R. 49 (2000); *In re* Arroyo Rivera, 148 D.P.R. 354 (1999). Según el referido Canon, "es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".

Como corolario de lo anterior, el abogado debe mantener informado al cliente en cuanto a los asuntos importantes que surjan del caso una vez decide asumir la representación profesional de éste. Por dicha razón el Canon 19 establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que

surja en el desarrollo del caso que le ha sido encomendado." No hacerlo viola la ética profesional. *In re Rosario*, 116 D.P.R. 642 (1985); *In re Acosta Grubb*, ante; *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

Conforme a dicho Canon hemos expresado que "[e]l deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente." *In re Alonso Santiago*, res. 13 de septiembre de 2005, 2005 TSPR 137; *In re Héctor M. Hernández Nazario, Louis De Mier-Le Blanc*, res. el 28 de marzo de 2003, 2003 TSPR 45. Consecuentemente, en numerosas ocasiones hemos sostenido que si un abogado mantiene a su cliente ajeno a las incidencias de su caso, ello constituye una violación al Canon 19 y al proceso de impartir justicia en general. *In re Laborde Freyre*, ante.

Referente a la diligencia que el abogado debe desplegar al realizar sus tareas, el Canon 26, en lo pertinente, dispone que "[e]s impropio de un abogado relevarse de responsabilidad por actos u omisiones negligentes en su gestión profesional."[3] Ello no obstante,

---

[3] Dicho Canon también dispone:

"Ningún abogado está obligado a representar a determinado cliente y es su derecho el aceptar o rechazar una representación profesional. Es altamente impropio aconsejar transacciones o actos en contra de la ley, entablar pleitos viciosos, instigar falsas defensas sin que pueda el abogado justificar dichos actos con el pretexto de que al actuar así, lo hizo siguiendo las instrucciones de su cliente. El abogado debe

(Continúa . . .)

este Canon no impide que un abogado indemnice extrajudicialmente a un cliente si en el desempeño de su función actuó negligentemente. Sin embargo, un abogado no puede liberarse de dicha responsabilidad con antelación a la tramitación del caso. *In re* Pagán Ayala, 117 D.P.R. 180 (1986).

En ausencia de interés público mayor, cuando un abogado incurre en negligencia profesional pero satisface el perjuicio sufrido por el cliente, el asunto puede ser objeto de archivo. No obstante, el ejercicio final de la jurisdicción disciplinaria de este Tribunal no depende de la existencia de un acuerdo de transacción entre el abogado y el cliente perjudicado. *In re* Pagán Ayala, ante.

II

En el caso ante nuestra consideración, el Lcdo. Nieves Rodríguez le pagó a Álamo Figueroa cinco mil dólares con el propósito de resarcir los daños que ésta pretendía recobrar en al menos uno de los casos que en su día quiso presentar. En vista de ello, Álamo Figueroa presentó una solicitud de desistimiento en la cual expresó no tener interés alguno en continuar con la presente querella. Manifestó, además, que está convencida que la falta de comunicación entre ella y el Lcdo. Nieves Rodríguez se debió al problema que éste confrontó con su secretaria.

---

obedecer siempre su propia conciencia y no la de su cliente."

Resulta meritorio, entonces, abundar sobre la seriedad de la situación alegadamente propiciada por la secretaria del Lcdo. Nieves Rodríguez. Como expusiéramos anteriormente, ésta alegadamente incurrió en un esquema de fraude el cual perjudicó a múltiples clientes de Nieves Rodríguez. En síntesis, y conforme informa Nieves Rodríguez dicho esquema consistió en requerirle dinero a clientes con el falso pretexto de que éste había aceptado llevar el caso y que, para tramitar la causa de acción, necesitaba un adelanto monetario. Para ocultar sus acciones, dicha empleada alegadamente se apropiaba de, o escondía expedientes, borraba registros, falsificaba documentos y realizaba falsas representaciones, entre otras cosas.

Dicha versión es corroborada en parte por el hecho de que Nieves Rodríguez, una vez advino en conocimiento de las actuaciones de su secretaria, la despidió inmediatamente e informó a la Fiscalía del Distrito de Carolina de la situación. Fue de esa intervención de la fiscalía que Nieves Rodríguez advino en conocimiento de que el Ministerio Público había comenzado una investigación, la cual se inició luego de que otras personas alertaran a las autoridades al respecto. Tras aproximadamente un año de investigación, el ministerio público exoneró al Lcdo. Nieves Rodríguez de toda participación en los actos cometidos por su secretaria.

En el entretanto, el Lcdo. Nieves Rodríguez se dio a la tarea de identificar a los clientes perjudicados por los

referidos actos. En la medida que pudo, tomó acción correctiva en protección de los derechos de éstos de manera que reembolsó dinero pagado y realizó encomiendas profesionales por las cuales originalmente lo pretendieron contratar. No obstante sus esfuerzos, el Lcdo. Nieves Rodríguez asegura no haberse topado con indicio alguno de que Álamo Figueroa figurara entre los clientes perjudicados, razón por la cual no la contactó.

Nieves Rodríguez sostiene que advino en conocimiento de la situación particular de Álamo Figueroa tras recibir una llamada de ésta en enero de 2003. A raíz de dicha comunicación, Nieves Rodríguez aceptó presentar una demanda por el segundo accidente sufrido por Álamo Figueroa. Ello no obstante, a Nieves Rodríguez le resultó imposible emplazar a la parte demandada y al tratar de comunicarle dicha situación a Álamo Figueroa, tampoco pudo localizarla.[4] Posteriormente, Álamo Figueroa presentó la queja ante nos.

Luego de analizar el expediente, resulta razonable concluir que Álamo Figueroa acudió a la oficina del Lcdo. Nieves Figueroa en la cúspide del esquema alegadamente propiciado por la secretaria de éste y que las repercusiones sufridas por Álamo Figueroa fueron causa directa de ello. Las actuaciones de la secretaria del Lcdo.

---

[4] Del expediente surge que Álamo Figueroa admitió haberse ausentado de la jurisdicción para atender a una hija enferma en los Estados Unidos, detalle que el Lcdo. Nieves Rodríguez desconocía en aquel momento.

Nieves Rodríguez ciertamente crearon una situación anómala que rebasó la expectativa de diligencia en la práctica de éste, no sólo para con Álamo Figueroa, sino también para con los demás clientes que resultaron afectados.

Por las razones anteriormente expuestas, somos del criterio que el Lcdo. Nieves Rodríguez no violó la ética profesional. De hecho, cabe recalcar que no bien éste advino en conocimiento de los actos de su secretaria, actuó diligentemente e hizo todo en su poder para remediar los daños sufridos por sus clientes, incluyendo a la querellante en el presente caso. Consecuentemente, acogemos la recomendación del Comisionado Especial y archivamos la querella instada contra el Lcdo. Nieves Rodríguez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*

Samuel Nieves Rodríguez

                        CP-2006-11


SENTENCIA

San Juan, Puerto Rico, a 28 de agosto de 2007


      Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando el archivo de la querella presentada contra el Lcdo. Samuel Nieves Rodríguez.

      Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo