*In re* MIGUEL A. LABORDE FREYRE, querellado.

*Número:* CP-97-13          *Resuelto:* 12 de julio de 1999

*Carlos Lugo Fiol, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pue-

blo de Puerto Rico; *José F. Rodríguez Rivera*, J., Comisionado Especial, en informe; *Miguel A. Laborde Freyre, pro se.*

PER CURIAM: El 20 de junio de 1996, el Sr. José A. Escobar Rosa compareció ante el Procurador General a los efectos de presentar una queja contra el licenciado Miguel A. Laborde Freyre. El quejoso alegó que el 28 de octubre de 1991 su vehículo de motor fue hurtado mientras se encontraba estacionado en el "Parking Covadonga"; que contrató al licenciado Laborde Freyre para que lo representara en un pleito en daños y perjuicios contra el Municipio de San Juan y el "Parking Covadonga", como consecuencia del referido hurto. Señaló, además, que el querellado omitió notificar la reclamación al Municipio de San Juan dentro del término que provee la Ley Orgánica de los Municipios,[1] razón por la que ésta fue desestimada. Añadió que, a pesar de que el Hon. Carlos S. Dávila Vélez dictó sentencia contra la codemandada "Parking Covadonga", dicha sentencia no era ejecutable ya que el estacionamiento carecía de personalidad jurídica para ser demandado.

Asimismo, el quejoso se reunió con el licenciado Laborde Freyre para reclamarle su falta de diligencia en la representación de su caso. Alegó el quejoso que en dicha reunión el querellado aceptó su responsabilidad y accedió a otorgar un pagaré a su favor por la cantidad de cinco mil dólares ($5,000) como compensación de los daños causados.

Luego de varios trámites, el 24 de octubre de 1997 emitimos resolución concediéndole el término de treinta (30) días al Procurador General para presentar querella contra el Lcdo. Miguel A. Laborde Freyre. En cumplimiento con dicha resolución, el 5 de noviembre de 1997, el Procurador General presentó la querella correspondiente imputándole al letrado los siguientes cargos:

---

[1] Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A. sec. 4703(a)).

### CARGO I

El Lcdo. Miguel A. Laborde Freyre violentó las disposiciones del Canon 18 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado a defender los intereses de su cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y a actuar en aquella forma que la profesión jurídica en general estime adecuada y responsable.

### CARGO II

El Lcdo. Miguel A. Laborde Freyre violentó las disposiciones del Canon 26 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado, a no entablar pleitos viciosos o a instigar falsas defensas justificando dichos actos con el pretexto de que lo hace siguiendo las instrucciones de su cliente.

### CARGO III

El Lcdo. Miguel A. Laborde Freyre violentó el Canon 38 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado a preservar el honor y la dignidad de la profesión legal y evitar hasta la apariencia de conducta profesional impropia. Querella, págs. 1–2.

El 6 de noviembre de 1997, le concedimos término al querellado para contestar la querella. Tras concederle una prórroga, finalmente compareció éste el 2 de febrero de 1998 negando haber incurrido en las alegadas violaciones. Señaló que el querellante le manifestó a él y al Procurador General su deseo de retirar la queja. Posteriormente, mediante "Moción informativa", nos informó de un acuerdo con el querellante mediante el cual se obligaba a entregarle cinco mil dólares ($5,000) como indemnización. A esos efectos, acompañó dicha moción con copia del pagaré suscrito y de la carta cursada por el querellante expresando su deseo de retirar su queja.

El 12 de mayo de 1998 emitimos resolución para nombrar Comisionado Especial al Hon. José Rodríguez Rivera y ordenar el señalamiento de la vista correspondiente.

El 24 de agosto de 1998, el querellado presentó un escrito titulado "Moción sometiendo documento" acompañado de una declaración jurada del querellante en el cual esta-

blecía que el querellado le satisfizo la totalidad de la cantidad acordada y su deseo de no proseguir acción alguna.

El Comisionado Especial nos presentó su informe el 8 de septiembre de 1998. Surge de éste que la conferencia con antelación a la vista y la vista formal se celebraron el 17 de junio de 1998 y el 23 de julio de 1998, respectivamente. Se desprende del informe que el querellado suscribió un pagaré a favor del querellante por la suma de cinco mil dólares ($5,000) a los fines de reparar las pérdidas sufridas por éste y en aras de que retirara la queja en su contra. Además, el Comisionado Especial nos informa que en la vista celebrada las partes no ofrecieron prueba, que el querellante manifestó que el aludido pagaré le fue pagado, y que no tiene interés ulterior en la reclamación contra el licenciado Laborde Freyre. Asimismo, el Comisionado Especial señala que el Procurador General fue notificado de la moción del querellado de 24 de agosto de 1998 y no manifestó inconformidad alguna.

## I

Innumerables veces hemos resuelto que un abogado que acepta un caso y luego no demuestra la competencia y la diligencia que exige el ejercicio de la abogacía viola las disposiciones del Código de Ética Profesional. *In re Verdejo Roque*, 145 D.P.R. 83 (1998).

En el caso de marras, no cabe duda de que el querellado desatendió negligentemente la encomienda de su cliente al omitir notificar la reclamación al Municipio de San Juan dentro de los noventa (90) días que establece la Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A. sec. 4703(a)). Más aún, según señala el Procurador General en su informe de 3 de junio de 1997, el querellado presentó un pleito vicioso contra el Municipio de San Juan luego de transcurrido el término de noventa (90) días, expresándole al querellante

"que se presentaría la demanda por ver si algo se podía recuperar".

■ Surge de los hechos que el querellado indemnizó al querellante por los daños sufridos por su negligencia y que el querellante no tiene interés alguno en proseguir con la queja. No empece a ello, en *In re Verdejo Roque*, supra, resolvimos que independientemente de que el querellado haya indemnizado a su cliente por los daños causados por su conducta poco profesional, ello no lo dispensa de la violación ética en que incurrió. A esos efectos, este Tribunal ha establecido que "la responsabilidad civil que surge del incumplimiento de las obligaciones de un abogado para con sus clientes es separada e independiente del trámite disciplinario por infracción al Código de Ética". *In re Acosta Grubb*, 119 D.P.R. 595, 604 (1987).

■ Si bien es cierto que el resarcimiento de los daños por el abogado a su cliente puede ser un atenuante, ello no impide el ejercicio de nuestra jurisdicción disciplinaria. En el presente caso, el abogado querellado sostuvo que lleva quince (15) años ejerciendo la profesión y que nunca ha incurrido en conducta que pueda inducir a error al tribunal; que su conducta se debió a un error de juicio que no fue intencional al desconocer que el "Parking Covadonga" pertenece al Municipio de San Juan.

Analizada la conducta imputada al licenciado Laborde Freyre, a la luz de los Cánones 18, 26 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y la jurisprudencia citada, concluimos que éste faltó en el cumplimiento de sus obligaciones éticas.

■ El resarcimiento de los daños sufridos por su cliente con motivo de las actuaciones negligentes del abogado no es razón suficiente para librarlo de nuestra censura.

Por las razones expuestas *censuramos al Lcdo. Miguel A. Laborde Freyre por su conducta; además, se le apercibe*

*que en el futuro deberá dar fiel cumplimiento a los cánones del Código de Ética Profesional que rigen la profesión de abogado; deberá ser diligente en la defensa de los intereses de sus clientes; evitará entablar pleitos viciosos y deberá preservar el honor y la dignidad de la profesión legal, so pena de sanciones disciplinarias más severas.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García emitió una opinión de conformidad, a la cual se une el Juez Asociado Señor Hernández Denton. El Juez Presidente Señor Andréu García no intervino.

— O —

Opinión de conformidad del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Hernández Denton.

En la órbita de nuestra jurisdicción original disciplinaria constantemente nos vemos obligados a adjudicar la conducta de miembros de la clase togada reñida con los Cánones del Código de Ética Profesional. La gama de posibilidades es tan grande como la variante escala valorativa de cada individuo; igual, las posibles sanciones que comprenden desde la separación indefinida, suspensión temporal o limitada, amonestación o censura, adjetivadas o no.

En la delicada función de hacer justicia recta, una breve incursión a nuestras decisiones previas —auxiliada de la mano con varios diccionarios gramaticales y de términos jurídicos—([1]) nos permite precisar ciertos conceptos. Así,

---

([1]) *Diccionario de la Lengua Española*, 21ra ed., Madrid, Ed. Espasa Calpe, 1992, págs. 91, 322 y 1304; *Diccionario Salamanca de la lengua española*, Madrid, Ed. Santillana, 1996, págs. 84, 294 y 1428; M. Moliner, *Diccionario de Uso del Español*, Madrid, Ed. Gredos, 1986, T. A-G, págs. 166 y 575, y T. H-Z, pág. 1101; J. Rivera García, *Diccionario de Términos Jurídicos*, New Hampshire, Equity Publishing Corp., 1985, págs. 37 y 257; H. Capitant, *Vocabulario Jurídico*, Buenos Aires,

*sanción* simplemente es la pena o castigo que imponemos por las violaciones éticas. Sin embargo, al vocablo *amonestar* se lo atribuimos generalmente al significado de *advertir o prevenir* sobre una conducta que podría resultar en algún castigo o consecuencia adversa, de continuar realizándose en el futuro. Puede significar reprensión, pero sin castigo.

En contraste, el término *censurar* implica una sanción más severa. Significa que hemos formado una opinión o juicio desfavorable sobre el abogado o su acción, imprimiéndole desaprobación. En esa situación, el énfasis es en la acepción *negativa* de este vocablo, esto es, "crítica negativa del comportamiento o de la actividad ajena". *Diccionario Salamanca de la lengua española*, Madrid, Ed. Santillana, 1996, pág. 294.

Con vista a este marco conceptual, coincidimos con la sanción impuesta al Lcdo. Miguel A. Laborde Freyre. Su incumplimiento con los deberes éticos consagrados en los Cánones 18, 26 y 38 del Código de Ética Profesional, *supra*, amerita una *censura*, esto es, una adjudicación cuyo pronunciamiento conlleva una carga crítica negativa de este Tribunal en torno a su comportamiento.

Ed. Depalma, 1961, págs. 107, 500; G. Cabanellas, *Diccionario Enciclopédico de Derecho Usual*, 20ma ed., Argentina, Ed. Heliasta, 1981, T. A-B, pág. 277, T. C-Ch, pág. 125, y T. R-S, pág. 294.