EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José R. Ríos Ríos | 2008 TSPR 186 <br><br> 175 DPR ____ |

Número del Caso: CP-2006-7

Fecha: 20 de noviembre de 2008

Abogado de la Parte Querellada:

                     Lcda. Minnie H. Rodríguez López
                     Procuradora General Auxiliar

Abogado de la Parte Querellada:

                     Lcdo. Rafael Román Jímenez

Materia: Conducta Profesional
         (La suspensión del abogado advino final y
          firme el 10 de diciembre de 2008)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José R. Ríos Ríos                    CP-2006-7

*PER CURIAM*

En San Juan, Puerto Rico, a 20 de noviembre de 2008.

El licenciado José R. Ríos Ríos, en adelante, el querellado, fue admitido a la práctica de la abogacía por el Tribunal Supremo de Puerto Rico el 3 de enero de 1990 y al ejercicio del notariado el 4 de septiembre de 1990. El 4 de junio de 2004 los esposos Samuel E. Monge Pastor y Celia M. López González presentaron una queja juramentada, aduciendo que el licenciado Ríos Ríos los representó en un caso de daños y perjuicios y no incluyó como demandantes a la esposa del señor Monge y a la sociedad de bienes gananciales compuesta por ambos, lo que permitió que

prescribiera cualquier acción que tuvieran éstas a su favor[1]. Adujeron, también, que el querellado no los mantuvo informados de los incidentes del caso y lo transigió sin su autorización y conocimiento. Además, que obtuvo y retuvo un cheque por la suma de $18,000.00 emitido por American Internacional Insurance Co., aseguradora de Las Piedras Construction el 23 de diciembre de 2002 y lo depositó en una cuenta del Banco Popular de Puerto Rico el 30 de diciembre de 2002. Expusieron que le requirieron al querellado que les entregara su expediente y éste no lo hizo, sino que dispuso del mismo sin haberles consultado ni informado.

Posteriormente, los quejosos presentaron una demanda civil por impericia profesional contra el querellado, la cual fue transigida. El 10 de febrero de 2005, el señor Monge Pastor informó al Procurador General, en una carta dirigida a la Secretaria de este Tribunal, que no deseaba continuar con su queja por haber llegado a un acuerdo con el licenciado Ríos Ríos. No obstante, el Procurador General continuó su investigación, pues, según hemos resuelto, una transacción de esta índole no requiere que se archive la queja.[2] El 3 de febrero de 2006, ordenamos al Procurador General que presentara querella sobre conducta profesional contra el

---

[1] Civil Núm. DDP-1999-0109, Samuel E. Monge Pastor v. Las Piedras Construction.

[2] El hecho que el abogado haya indemnizado a su cliente, no exime a éste del trámite disciplinario por infracción al Código de Ética. In re: Padilla Pérez, ante, pág. 777; In re: Acosta Grubb, 119 D.P.R. 595, 604 (1987).

licenciado Ríos Ríos. En la querella presentada el 31 de marzo de 2006, el Procurador le imputó al Lcdo. Ríos Ríos haber violado los Cánones 18, 19, 20, 23 y 35, de Ética Profesional, 4 L.P.R.A. Ap. IX, Cs. 18, 19, 20, 23 y 35. El querellado contestó la querella y el 13 de febrero de 2007, designamos a la Lcda. Crisanta González Seda como Comisionada Especial para recibir la prueba y rendir un informe con determinaciones de hechos y las recomendaciones que estimara pertinentes. Luego de varios trámites procesales, se celebró la vista adjudicativa el 28 de agosto de 2007. Ese día compareció el querellado, personalmente y representado por el Lcdo. Rafael Román Pérez. La Oficina del Procurador General estuvo representada por la Procuradora General Auxiliar, Lcda. Minnie H. Rodríguez.

II

El Procurador General alega, primeramente, que el Lcdo. José R. Ríos Ríos violó el Canon 18 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, pues no ejerció el cuidado y diligencia necesarios en la gestión encomendada al no incluir entre los demandantes a la esposa del señor Monge y a la sociedad de gananciales compuesta por ellos. El licenciado Ríos Ríos, según alegado, no consultó a su cliente ni obtuvo su aprobación respecto a esta decisión que resultó en que se perdiera cualquier acción que hubieran tenido estas partes.

Al negar este cargo, el querellado alegó que a quien los querellantes contrataron inicialmente para que los

representara en el caso civil que da lugar a la presente queja fue al Lcdo. José A. Mojica Mojica, quien a su vez subcontrató al querellado. Adujo que preparó la demanda con los datos suplidos por el licenciado Mojica Mojica y que no se le informó que el señor Monge Pastor estuviera legalmente casado con la señora López González, o que ésta, la sociedad legal de gananciales o los hijos del querellante, hubieran sufrido daños. Sólo recibió información de los daños físicos sufridos por el señor Monge Pastor. Por eso, incluyó como demandante al señor Monge Pastor y no a su esposa ni a la sociedad de gananciales. El querellado expuso, además, que el señor Monge Pastor tenía pleno conocimiento del contenido y las alegaciones de la demanda. Indica que ejerció el cuidado y diligencia necesarios para cumplir con la gestión encomendada, ya que logró una transacción favorable para su representado, por dieciocho mil dólares ($18,000.00), los que compensaban los daños realmente sufridos por el señor Monge Pastor.

En segundo lugar, el Procurador General expone que el Lcdo. José R. Ríos Ríos incumplió el deber de mantener informado a su cliente de todo aspecto importante del caso, como requiere el Canon 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, al no incluir como demandantes a la Sra. Celia M. López González y la sociedad legal de gananciales compuesta por ésta y su esposo, al no mantenerlos informados del trámite del caso, transigir el caso sin el consentimiento de

sus clientes y al obtener el pago acordado en dicha transacción sin informárselo.

Por su parte, el querellado alegó que el querellante se mantenía informado sobre el curso del caso por medio del licenciado Mojica Mojica y que, además, participó en la revisión del texto de la demanda, la contestación a interrogatorios, la comparecencia a deposiciones y en la discusión de la oferta de transacción. De igual manera, el querellado afirma que obtuvo el consentimiento del señor Monge Pastor para transigir su reclamación por la cantidad indicada y que prueba de ello es que éste aceptó y cambió el cheque por la cantidad de $12,000.00, que era lo que le correspondía luego de restar los honorarios de abogado.

El Procurador General también alega que el licenciado Ríos Ríos no fue sincero ni honrado con sus clientes, en violación al Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX. El querellado niega esto y afirma, según explicamos, que el querellante conocía sobre las negociaciones con la parte demandada, que concluyeron con la oferta de $18,000.00, la cual fue notificada y aceptada por el señor Monge Pastor.

También se le imputa al licenciado Ríos Ríos una violación al Canon 20 de Ética Profesional, 4 L.P.R.A. Ap. IX, por no haber entregado el expediente del caso a sus clientes una vez éstos se lo requirieron. Aduce el Procurador General que el licenciado Ríos Ríos dispuso de dicho expediente sin el conocimiento, consentimiento y aprobación de sus clientes.

Respecto a esto, el querellado alegó que informó a su cliente que podía recoger su expediente y éste no lo hizo. Señala que es costumbre de su oficina que si el cliente no recoge su expediente se dispone del mismo una vez se terminan los procedimientos judiciales y se paga la compensación que corresponde al cliente. Cuando el señor Monge finalmente solicitó el expediente no fue posible entregárselo porque aparentemente se había extraviado durante la mudanza de oficina del querellado.

El quinto cargo de la Querella presentada por el Procurador General sostiene que el Lcdo. José R. Ríos Ríos violó el Canon 23 de Ética Profesional al recibir y retener indebidamente el cheque por $18,000.00, producto de la transacción habida en el caso DDP-1999-0109.

Por su parte, el querellado alega que no recibió ni retuvo indebidamente el cheque producto de la transacción. Señala que el uso y costumbre en su oficina es depositar en la cuenta de ésta los cheques que son producto de las transacciones, con el consentimiento de los clientes, para luego entregarle a éstos el dinero que les corresponde. En este caso, alega que no se hizo el pago al señor Monge Pastor con la premura acostumbrada por un error de buena fe provocado por una condición personal y familiar del querellado, relacionada con la salud de la madre de los hijos menores del querellado. Por motivo de esta situación el licenciado Ríos Ríos tuvo que recibir tratamiento psicológico.

III

Surge del Informe de la Comisionada Especial que el Procurador General no presentó testigos, sino que solicitó, sin objeción del querellado, que se marcaran como exhibits los expedientes de la queja, AB-2004-196, del caso civil Núm. DDP-1999-0109, Samuel E. Monge Pastor v. Las Piedras Construction, Tribunal de Primera Instancia, Sala Superior de Bayamón, de la demanda civil por impericia profesional presentada contra el querellado en el Tribunal de Primera Instancia, Sala Superior de San Juan, Caso Núm. KPD-2004-0452 y de la carta, suscrita por los querellantes el 10 de febrero de 2005, mediante la cual retiran la querella como condición del acuerdo transaccional que concluyó la demanda sobre impericia profesional.

El querellado, por su parte, sometió, sin reparo de la Procuradora General Auxiliar, una declaración jurada de la sicóloga, Dra. Ada Rosabal. Presentó, además, el testimonio del Lcdo. José A. Mojica Mojica. Éste se reiteró en su declaración jurada de 18 de julio de 2007 y fue contrainterrogado por la Procuradora General Auxiliar.

Una vez sometido el caso, el querellado presentó una Moción de desestimación, en la que adujo que la querella presentada por el Procurador General se fundamentó en la declaración jurada de los quejosos, señor Monge Pastor y señora López González y que al no presentar el testimonio de éstos en la vista adjudicativa y someterse el caso por el expediente se violó su derecho a contrainterrogarlos y por

tanto, su derecho al debido proceso de ley. Adujo además, que al admitir la declaración jurada en evidencia se violó la Regla 14(J) del Reglamento del Tribunal Supremo, que dispone que "la parte querellada tendrá derecho a confrontar los(as) testigos en su contra durante la vista…". También alegó que al presentarse para probar la veracidad de su contenido, la declaración jurada era prueba de referencia que no podía admitirse a menos que el Procurador General demostrase que los testigos no estaban disponibles, lo cual no hizo. Denegamos la solicitud de desestimación el 25 de enero de 2008.

El 10 de marzo de 2008 la Comisionada rindió su informe, exponiendo los hechos que encontró probados. Concluyó la Comisionada que el querellante contrató al Lcdo. José A. Mojica Mojica para que le tramitara un caso relacionado con un accidente de automóvil en el que se vio envuelto y que el licenciado Mojica refirió el asunto al licenciado Ríos Ríos. Éste, a su vez, presentó una demanda en reclamación de daños a nombre del querellante.[3] El estado civil del querellante se identifica en la demanda como soltero. Además, se identifica al querellante como el dueño del automóvil envuelto en el accidente, que se alegó fue pérdida total y que en la querella se alega que era propiedad de la sociedad de gananciales.

---

[3] Caso civil Núm. DDP-1999-0109, Samuel E. Monge Pastor v. Las Piedras Construction, Autoridad de Carreteras de Puerto Rico y la compañía aseguradora, que resultó ser la

Según determinó la Comisionada Especial, ni el licenciado Mojica, ni el querellado redujeron a escrito su contrato de representación legal con el querellante. Tampoco pusieron por escrito los datos que recogiera el licenciado Mojica en la entrevista inicial que hiciera al querellante. El licenciado Mojica testificó que no recuerda si se le preguntó al querellante si era soltero o casado, pero sí que éste acostumbraba visitar su oficina a vender artículos de computadoras y realizar trabajos en las computadoras y nunca le habló de su esposa o de daños que ésta hubiera sufrido. Nunca la vio, ni habló con ella y su impresión era que el querellado era soltero.

El licenciado Ríos Ríos no entrevistó al querellante antes de redactar la demanda, sino que lo hizo con la información provista por el licenciado Mojica Mojica. Sin embargo, el licenciado Mojica no aparece como representante legal en la demanda, ni en ningún otro documento del caso. El querellado firmó la demanda como representante legal del querellante.

La Comisionada concluyó que el querellante visitaba la oficina del licenciado Mojica alrededor de dos veces al mes y hablaba del caso, pero no era una conversación de abogado y cliente. El licenciado Mojica obtuvo conocimiento del trámite del caso a través del querellante, no a través del querellado. En esas conversaciones, el querellante le habló

Cooperativa de Seguros Múltiples de Puerto Rico, en el Tribunal de Primera Instancia, Sala Superior de Bayamón.

al licenciado Mojica de una oferta de transacción y el abogado le explicó las razones por las cuales debía aceptar los $18,000.00 que le ofrecían. Luego de la conversación sobre la oferta de transacción, el querellante no regresó a la oficina del licenciado Mojica.

Según el Informe de la Comisionada Especial, el expediente del caso civil Núm. DDP-1999-0109, supra, revela que el querellado lo litigó de manera diligente, vigorosa y continua desde que presentó la demanda, el 9 de febrero de 1999. Ambas partes llevaron a cabo un descubrimiento de prueba completo, incluyendo interrogatorios y deposiciones. El querellante contestó uno de los interrogatorios y también se le tomó deposición. El 18 de diciembre de 2002, la parte demandante en el caso civil, representada por el querellado, presentó una Moción de desistimiento en la que informó al Tribunal de Primera Instancia que las partes habían concretado un acuerdo transaccional. A esa fecha, se había señalado el juicio y se habían expedido citaciones para testigos de la parte demandante, solicitadas por su representante, el abogado querellado.

No hay en el expediente escrito alguno sobre acuerdo transaccional u otro documento firmado por el querellante aceptando la oferta de transacción. Como resultado de la transacción, el licenciado Ríos Ríos recibió el cheque número 174064, de American Internacional Insurance Co. of P.R., fechado el 23 de diciembre de 2002. Este fue girado a nombre suyo y del señor Monge. El cheque fue endosado con el nombre

del señor Monge y la firma del licenciado Ríos Ríos y depositado en una cuenta de éste, el 30 de diciembre de 2002. No se notificó de ello al querellante, señor Monge. La firma del señor Monge que aparece en el cheque no coincide con su firma en otros documentos.

El 28 de marzo de 2003, casi tres meses después que se entregara el cheque al querellado, el querellante recibió un pago de $12,000.00. La diferencia de $6,000.00 correspondía al pago de honorarios al querellado.

Durante todo este trámite, el querellante nunca cuestionó el hecho de que no se hubiera incluido a su esposa y a la sociedad de gananciales como partes demandantes en el pleito, ni proveyó evidencia de daños sufridos por éstas. Según determinó la Comisionada, el único daño atribuible a la sociedad de gananciales en el accidente es la pérdida del vehículo de motor y esto se reclamó en la demanda, aunque a nombre del querellante y no de la sociedad de gananciales.

Una vez terminó el procedimiento judicial y se pagó la compensación al querellante, el querellado dispuso del expediente del caso, sin autorización del cliente.

El 26 de marzo de 2004, el querellante y su esposa, la Sra. Celia M. López González, también querellante en este caso, demandaron al querellado reclamando daños y perjuicios por impericia profesional.[4] El 17 de febrero de 2005, se suscribió un acuerdo privado y confidencial entre los

---

[4] Caso Núm. KPD-2004-0452, *Samuel E. Monge Pastor v. José A. Ríos Ríos*, Tribunal de Primera Instancia, Sala de San Juan.

querellantes y el querellado para dar fin a la demanda, según el cual el querellado pagaría $5,000.00 a los querellantes, sin aceptar responsabilidad por lo alegado en la demanda y éstos lo relevarían de cualquier responsabilidad como consecuencia de los hechos que dieron lugar a la demanda. Según el acuerdo, se pagarían $2,500.00 una vez los querellantes presentaran ante el Tribunal Supremo de Puerto Rico y en la Oficina del Procurador General, una carta en la que expresamente manifestaran su deseo de retirar la queja en este caso. El segundo pago de $2,500.00 se haría dentro de los 30 días siguientes a la firma del acuerdo por los querellantes. La carta se presentó el 18 de febrero de 2005 y el 22 de febrero de 2005, los querellantes desistieron con perjuicio de su demanda. El 4 de marzo de 2005, el Tribunal de Primera Instancia ordenó el archivo y sobreseimiento de la demanda, con perjuicio.

Por último, la Comisionada Especial determinó que el querellado se afectó emocionalmente ante la situación de sus hijos, debido a la muerte de la madre de éstos. Señala que el impacto de la muerte de la madre de los hijos del licenciado Ríos Ríos pudo ocasionar que éste descuidara los asuntos de su oficina.

IV

En numerosas ocasiones, hemos expresado que el objetivo de los Cánones de Ética Profesional es propiciar que los abogados se desempeñen, profesional y personalmente, de acuerdo con los más altos principios de conducta decorosa,

para beneficio de la profesión, de la ciudadanía, y de las instituciones de justicia del país. *In re: Pujol Thompson,* 2007 T.S.P.R. 129. Es en este contexto que debemos evaluar la conducta del querellado y los hechos antes reseñados.

Al querellado se le imputa haber violado el Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, que impone al abogado el deber de defender los derechos de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re: Laureano Molina*, 161 DPR 58 (2004); *In Re: Colón Ortiz*, 2007 TSPR 156. Viola este canon quien no emplee la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez de la defensa de los intereses de su cliente. *In re: Meléndez La Fontaine*, 2006 TSPR 22; *In re: Alonso Santiago*, 2005 TSPR 137.

La desidia, desinterés, inacción y displicencia como patrón de conducta en la representación del cliente violentan las disposiciones de este canon. *In re: Vilches López*, 2007 TSPR 84; *In re: Padilla Pérez*, 135 D.P.R. 770, 776 (1994). Entre las acciones de un abogado o una abogada que infringen este canon están aquéllas actuaciones negligentes que puedan conllevar o, en efecto conlleven, la desestimación o archivo de un caso, *In re: Colón Morera*, 2007 TSPR 157;

El Canon 19 de Ética Profesional, supra, requiere que el abogado mantenga a su cliente siempre informado de todo asunto y toda gestión importante que surja en el desarrollo

del caso que le ha sido encomendado que no esté dentro del ámbito de discreción de la representación legal e incluye cumplir con las instrucciones de los representados. *In re: Acosta Grubb*, 119 D.P.R. 595, 603 (1987). Sobre las transacciones de los casos, dispone que siempre que la controversia sea susceptible de un arreglo o transacción razonable, el abogado debe aconsejar al cliente que evite o termine el litigio. Es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte. Canon 19 de Ética Profesional, supra. Este deber de los abogados se configura como una obligación ética independiente. Véase, *In re: Hernández Pérez,* 2006 TSPR 174.

Sobre dicho canon hemos expresado que "[e]l deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente". *In re: Alonso Santiago*, supra. *In re: García Muñoz*, 2007 TSPR 90. Por consiguiente, cuando un abogado mantiene a su cliente ajeno a las incidencias de su caso, ello constituye una violación, no sólo al Canon 19, sino al proceso de impartir justicia en general. *In re: Laborde Freyre*, 149 D.P.R. 59 (2003).

Se viola el Canon 19 cuando no se atienden los reclamos de información del cliente, no se le informa sobre los asuntos importantes que surjan del caso, así como del resultado adverso de la gestión encargada, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. Véase, *In re: Acevedo Álvarez*, 143 D.P.R. 293, 298 (1995); *In*

*re:* Rosario, 116 D.P.R. 462, 467 (1985); *In re:* Acosta Grubb, ante, pag. 603. Según reiteramos en *In re: Ayala Torres*, 150 D.P.R. 288 (2000), uno de los asuntos importantes a los que se refiere el Canon 19 comprende la notificación al cliente de que se dictó sentencia. Esta notificación ha de ser inmediata, en tiempo para que el cliente tome la decisión que éste interese sobre los procedimientos disponibles para revisar la misma. Colón Prieto v. Geigel, 115 D.P.R. 232, 241 (1984).

El Canon 20 de Ética Profesional, supra, establece el procedimiento que deben seguir los abogados al renunciar a la representación legal de un cliente. En lo pertinente, este canon requiere que al ser efectiva tal renuncia, el abogado debe entregar el expediente y todo documento relacionado con el caso a su cliente, además de reembolsarle inmediatamente cualquier cantidad que éste le haya pagado por adelantado en honorarios por servicios que no se han prestado.

Hemos interpretado este canon en el sentido de que no debe haber dilación alguna en la entrega del expediente una vez el abogado concluye las gestiones para las cuales fue contratado, o cuando el cliente solicita dicha entrega. *In re: Franco Rivera*, 2006 TSPR 170. De igual forma, la devolución del expediente no puede estar sujeta a ninguna condición, pues el abogado no tiene derecho de retención sobre los documentos y papeles del cliente, ni tiene un gravamen sobre el producto de una sentencia o dictamen

judicial. In re: Irirzarry, González, 151 D.P.R. 916, 922 (2002). In re: Santos Rivera, 2008 TSPR 12;

El Canon 23 de Ética Profesional, supra, en lo pertinente al presente asunto, dispone que por razón de la naturaleza fiduciaria de las relaciones entre abogado y cliente éstas deben estar fundadas en la honradez absoluta. En particular, el abogado debe dar pronta cuenta del dinero y otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes, ni permitir que ello suceda.

En torno a esta obligación hemos recalcado que "los abogados deben velar porque la relación abogado-cliente sea transparente". In re: Alvarez Aponte, 158 D.P.R. 140, 146 (2002); In re: Rivera Irizarry, 155 D.P.R. 687, 693 (2001). La naturaleza fiduciaria de esta relación exige confianza y absoluta honradez entre el abogado y el cliente, especialmente en los asuntos de carácter económico. Por consiguiente, el abogado debe rendir cuentas de cualquier dinero o bien de un cliente que esté en su posesión, porque "[l]a retención de cualquier cantidad de dinero perteneciente a sus clientes, trastoca e infringe los postulados del Canon 23 de Ética Profesional, ante, y demuestra un menosprecio hacia sus deberes como abogado". In re: Rivera Irizarry, supra, pág. 698-964. (Cita omitida.)

La mera retención por un abogado de fondos pertenecientes a un cliente justifica una sanción, independientemente de que el abogado los hubiera devuelto y

de que los hubiera retenido sin intención de apropiárselos. *In re:* Rivera Irizarry, supra, pág. 693-694. En efecto, "la dilación en la devolución de los fondos es causa suficiente para tomar medidas disciplinarias contra el abogado". *Id. In re:* Feliciano Rodríguez, 150 D.P.R. 859, 864 (2000).

El Canon 35 del Código de Ética Profesional, supra, establece, en lo pertinente, que la conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. Este precepto le impone a todo abogado la obligación de regirse por unas normas mínimas de conducta, indispensables para promover el honor y la dignidad de la profesión. *In re:* López de Victoria, 163 D.P.R. 1, 8 (2004); *In re:* Montañez Miranda*,* 157 D.P.R. 275, 281 (2002). De conformidad con tales postulados éticos, se ha señalado que el abogado no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información verdadera que deba ser revelada. *In re:* Filardi Guzmán,       144 D.P.R. 710, 717-718 (1998). Evidentemente, ante una imputación de violación al Canon 35 no es defensa el que no se haya obrado de mala fe o deliberadamente, ni con la intención de engañar o defraudar. Tampoco importa que no se haya causado daño a un tercero. *In re:* Astacio Caraballo, 149 D.P.R. 790, 799 (2000).

Las alegaciones presentadas por el Procurador General en este caso están fundamentadas, en gran medida, en la declaración jurada de los esposos Monge Pastor y López

González requerida al presentarse una queja ante este Tribunal y forma parte de los autos del caso. Sin embargo, los quejosos no testificaron durante la vista. Por esa razón, debemos determinar si el Procurador cumplió con el grado de prueba requerida para demostrar la violación a los cánones de ética profesional.

En In re Caratini, 153 D.P.R. 575, 685 (2001), resolvimos que el criterio a utilizarse por este Tribunal en casos disciplinarios es el de prueba clara, robusta y convincente. Véase además: In re Irizarri Reyes, 2008 TSPR 45; In re Mulero Fernández, 2008 TSPR 111. Tal determinación se basa en que los casos disciplinarios contra los miembros de este foro inciden sobre el derecho de los abogados a ganarse su sustento, que es indudablemente un derecho fundamental. Amy Angulo v. Administración, 116 D.P.R. 414, 421 (1985). Para dichos casos, es decir, para la negación de un derecho fundamental, el debido proceso de ley exige que el valor y suficiencia de la prueba sea medido con un criterio más riguroso que el de la preponderancia de la prueba, utilizado en procedimientos civiles comunes, sin que le sea aplicable el criterio de "prueba más allá de duda razonable", utilizado en el campo criminal. P.P.D. v. Admor. Gen. De Elecciones, 111 D.P.R. 199, 223 (1981). In re Caratini, supra.

Por otro lado, el debido proceso de ley en su vertiente procesal le impone al Estado la obligación de

garantizar que la interferencia con el interés propietario o libertario del individuo se haga mediante un procedimiento justo y equitativo que respete la dignidad de los individuos. Art. II de la Constitución del E.L.A., L.P.R.A., Tomo I; Rivera Rodríguez & Co. v. Stowell Taylor, 133 D.P.R. 871, 887-888 (1993). Los abogados tienen un interés propietario en el ejercicio de la profesión, por lo cual son acreedores de las garantías de un debido proceso de ley en aquellos procedimientos disciplinarios en que esté en juego su licencia. In re Deynes Soto, 2005 TSPR 40; In re Caratini, *supra.* Véase además: In re Ruffalo, 390 US 544, 550 (1968). Las exigencias mínimas del debido proceso de ley constitucional incluyen el ser notificado adecuadamente de los cargos en su contra, la oportunidad de ser oído, el derecho a contrainterrogar y el derecho a examinar la prueba documental y material presentada por la otra parte. Salvá Santiago v. Torres Padró, 2007 TSPR 101; Rivera Rodríguez & Co. v. Stowell Taylor, *supra.*

Acorde a lo anterior, la Regla 14 del Reglamento del Tribunal Supremo en su inciso (j) establece el derecho de la parte querellada en un procedimiento disciplinario a confrontar y contrainterrogar a los testigos en su contra. 4 L.P.R.A. Ap. XXI-A. Sobre la importancia del derecho a contrainterrogar, el tratadista Wigmore asevera que "it is beyond any doubt the greatest legal engine ever invented

for the discovering of truth." Wigmore, Evidence §1367, pág. 29 (3d ed. 1949).

Cabe recordar, además, que la Regla 60 de Evidencia excluye, como norma general, la prueba de referencia, esto es, las declaraciones que se hacen fuera de la vista o juicio en el que se ofrecen para probar que tal declaración es verdadera. 32 L.P.R.A. Ap. IV. El profesor Chiesa explica que la prueba de referencia se excluye por su falta de confiabilidad y por su dudoso valor probatorio, basado, precisamente, en la falta de confrontación entre el declarante y la parte contra la que se ofrece la evidencia. E.L. Chiesa, Tratado de derecho probatorio, Santo Domingo, Editora Corripio, 1998, Tomo II, pág. 616, 631. La confrontación es necesaria para disipar la ambigüedad de la declaración, la sinceridad, la percepción y la memoria del declarante. Id. Véase además: Pueblo v. García, 113 D.P.R. 843, 853 (1983).

Por último, cuando el quejoso retira la queja, entra en efecto la norma reiterada que los procedimientos disciplinarios ante este Tribunal son independientes de las acciones legales, civiles o criminales, que se deriven de la misma relación de hechos. In re Deynes Soto, 164 D.P.R. 327 (2005); In re Laborde Freyre, 149 D.P.R. 59, 63 (1999). Por lo tanto, no limita nuestra jurisdicción el hecho de que el abogado y el cliente transijan sus diferencias mediante un acuerdo en el cual el segundo se

compromete a no presentar cargos éticos ante los foros pertinentes. In re Pagán Ayala, 117 DPR 180, 187 (1986).

Sin embargo, también hemos resuelto que el Canon 26 no prohíbe que un abogado informe y acepte ante su cliente su responsabilidad por errores y omisiones atribuibles a su persona. *Id.* pág. 186-87. Tampoco le impide indemnizar al perjudicado, ya sea extrajudicialmente o mediante un contrato de transacción judicial. Lo que tal principio ético está dirigido a evitar es que el abogado limite, se exonere o evada, contractualmente o de otro modo, su responsabilidad profesional. En otras palabras, en ninguna forma el abogado puede establecer como condición para transigir con su cliente la acción civil en daños por mala práctica profesional, que no se presente querella por violación ética en su contra.

Por otro lado, una vez satisfecho el perjuicio privado de la persona afectada, en ausencia de un interés público mayor, de ordinario el asunto no debe trascender. In re Pagán Ayala, *supra, pág.* 187. La admisión de responsabilidad civil y resarcimiento por el abogado a su cliente, constituirá un atenuante, o podrá ser determinante para su archivo, si es que finalmente se insta querella. *Id.*

IV

A la luz de los hechos probados y de los preceptos legales y normas jurídicas aplicables, la Comisionada Especial concluyó que el licenciado Ríos Ríos incurrió en

violaciones a los cánones 19, 20, 23 y 35 de Ética Profesional, supra. Sin embargo, determinó que la evidencia no sostiene la imputación de violación al Canon 18 de Ética Profesional, supra. Resolvemos que son correctas ambas conclusiones.

En lo que respecta al canon 18, el Procurador General alega que el licenciado Ríos Ríos no ejerció el cuidado y diligencia necesarios en la gestión encomendada al dejar fuera de la demanda incoada a la esposa del señor Monge y la sociedad de gananciales compuesta por ambos, decisión que, según espone, no fue consultada ni aprobada por sus clientes y que resultó en que se perdiera cualquier acción que hubieran tenido estas partes. Sin embargo, los hechos probados demuestran que esta alegación no se sostiene.

Los esposos Monge López no declararon en la vista y no estuvieron disponibles para ser contrainterrogados. Según expusimos antes, esto es un derecho garantizado por nuestro reglamento y por el debido proceso de ley. El licenciado Mojica, quien sí declaró personalmente y fue contrainterrogado, sostuvo en sus declaraciones que recibió la versión del querellante sobre el accidente y éste nunca le mencionó que su esposa o algún otro familiar hubiera recibido algún daño como consecuencia de tales hechos. El señor Monge nunca mencionó tener esposa en las conversaciones con el licenciado Mojica. Éste no recordó si el querellante le dijo que era casado o soltero, pero su impresión era que era soltero. El licenciado Mojica refirió el caso al licenciado

Ríos Ríos quien presentó la demanda el 9 de febrero de 1999, apenas un mes y medio después del accidente.

Sin duda, fue un serio error del licenciado Ríos Ríos el no entrevistar a quien se convirtió en su cliente antes de radicar la demanda y depender exclusivamente de los datos provistos por el licenciado Mojica. Sin embargo, un examen del escrito de demanda revela que éste es adecuado, contiene alegaciones e información suficiente para el inicio del pleito y para sostener tales alegaciones. El expediente del caso relacionado con el accidente del señor Monge, también revela que el licenciado Ríos Ríos litigó de manera adecuada, vigorosa, en defensa de los intereses de su cliente, el querellante, y que demostró diligencia durante el procedimiento, conocimiento de las controversias, capacidad y efectividad.

Por otra parte, concurrimos con la Comisionada Especial en que la contestación del pliego de interrogatorio que la parte codemandada sometió al demandante sin duda requirió que el señor Monge discutiera las contestaciones con su abogado y luego juramentara las contestaciones. Por eso no es creíble que el señor Monge no supiera que la demanda se redactó solamente a su nombre, al menos para el mes de junio cuando el licenciado Ríos Ríos solicitó que se señalara una conferencia sobre el estado de los procedimientos e informó que se había contestado el interrogatorio. A esa fecha faltaban casi seis meses para que prescribiera la acción de

daños, si alguna, que pudieran tener su esposa y la sociedad de gananciales.

Por todo lo anterior resolvemos que el licenciado Ríos Ríos no violó el canon 18, como se le imputa.

Coincidimos con la Comisionada Especial en que el verdadero problema ético que revelan los hechos que fueron probados radica en que el licenciado Ríos Ríos no informó a su cliente sobre el evento más importante del caso que le fue encomendado, la terminación del pleito por transacción y la sentencia emitida por el Tribunal de Primera Instancia desestimando la demanda con perjuicio. Además, no le informó inmediatamente que había recibido una cantidad de dinero que pertenecía al cliente.

No tenemos duda que el señor Monge conocía que había una oferta de transacción y la cantidad que le estaban ofreciendo, conforme surge del testimonio del licenciado Mojica y podemos inferir razonablemente que obtuvo dicha información del licenciado Ríos Ríos. Sin embargo, si bien no consideramos las aseveraciones del señor Monge en su declaración jurada a efectos de que no aprobó la transacción ni supo de la terminación del juicio, la realidad es tampoco hay en el expediente prueba alguna que demuestre o de la que podamos inferir que el señor Monge finalmente aceptó dicha transacción, según fue informado al Tribunal de Primera Instancia para justificar el desistimiento voluntario, con perjuicio, de la demanda.

El licenciado Ríos Ríos alega en su contestación que le informó a su cliente que se dictó una sentencia poniendo fin al pleito y que había recibido un cheque por $18,000.00, como pago del acuerdo transaccional. No presentó prueba alguna a esos efectos. Los hechos probados sostienen, por el contrario, que al licenciado Ríos Ríos se le entregó el cheque y éste lo aceptó como pago final y lo depositó en una cuenta bancaria de la oficina, sin informárselo al cliente. Además, el cheque fue endosado, con el nombre del señor Monge, sin su autorización. Estas actuaciones del licenciado Ríos Ríos violan el Canon 19 de Ética Profesional, supra, según adujo el Procurador General.

La prueba establece que el licenciado Ríos Ríos no dio pronta cuenta o entregó a su cliente la parte que le correspondía del dinero que la compañía aseguradora pagó como resultado del acuerdo transaccional que puso fin al pleito. Por el contrario, no es hasta tres meses después que se recibió el cheque, que el licenciado Ríos Ríos le entrega al querellante la parte que le correspondía. La explicación o justificación que ofrece el licenciado Ríos Ríos, en el sentido de que el uso y costumbre de su oficina era depositar los cheques de las transacciones en una cuenta de la oficina para luego entregar el dinero a los clientes, no puede excusar esta violación ética. Ningún abogado puede establecer procedimientos en su oficina que sean en contrarios a sus obligaciones éticas. Por ello, tal explicación no excusa la violación al Canon 23, que, en lo concerniente al manejo de

los bienes de los clientes, prohíbe la retención y disposición inapropiada de cualquier suma de dinero que pertenezca a éstos. En este caso, el abogado pospuso el acto de entrega de dinero su cliente, dinero que era el producto de la transacción del caso. Tal hecho nunca estuvo en controversia, porque el propio licenciado Ríos Ríos lo aceptó. Es por ello, que entendemos que el licenciado Ríos Ríos incurrió en la conducta que se le imputa de violar el Canon 23, supra.

Respecto a la violación al Canon 20, supra, se alega que el licenciado Ríos Ríos dispuso del expediente del caso, sin autorización del cliente. La evidencia recibida así lo establece. A la solicitud de la entrega del expediente por su cliente, el licenciado Ríos Ríos no respondió de forma alguna. Tampoco cumplió con dicha entrega, a pesar de la orden a esos efectos dictada por el Tribunal de Primera Instancia en el caso civil Núm. KDP-2004-0452, <u>Samuel E. Monge Pastor y otros v. José R. Ríos y otros</u>, el 8 de septiembre de 2004. El 18 de noviembre de 2004, el abogado que representaba al señor Monge Pastor y a su esposa en ese caso solicitó que se impusieran sanciones al licenciado Ríos Ríos por no haber entregado el expediente. Éste entonces, presentó varias excusas, en una moción presentada el 13 de diciembre de 2004. Expuso que entendía que había entregado el expediente anteriormente, que luego se percató de que no lo tenía, pues es su costumbre disponer de los expedientes una vez se terminan los procedimientos judiciales y se paga la

compensación correspondiente al cliente y que no podía entregar lo que no tenía.

Por las razones que hemos expresado, ningún abogado puede establecer procedimientos en su oficina que violen las disposiciones de los cánones de ética profesional. La realidad es que el expediente nunca fue entregado y las excusas ofrecidas por el licenciado Ríos Ríos no son satisfactorias, por lo que resolvemos que violó el Canon 20 de Ética Profesional, supra.

La prueba recibida, como ya hemos explicado, establece que el licenciado Ríos Ríos recibió un cheque en pago de la transacción del caso en el que representaba al señor Monge y que dicho cheque se expidió a nombre de éste y del licenciado Ríos Ríos, quien endosó o permitió que otra persona lo hiciera, escribiendo el nombre del señor Monge, sin estar autorizado para ello. También establece que el licenciado Ríos Ríos no informó al cliente que había recibido dicho cheque y lo había depositado en una cuenta de la oficina y, por último, que dispuso del expediente del caso sin informarlo al señor Monge, ofreciendo explicaciones que denotan un manejo inapropiado y descuidado de dicho expediente. Tales actuaciones reflejan y constituyen una falta de sinceridad y honradez con su representado. Se apartan del deber que tenemos los abogados y las abogadas de exaltar el honor y la dignidad de la profesión. Por ello, resolvemos que la prueba estableció que el licenciado Ríos

Ríos violó del canon 35, conforme imputado por el Procurador General.

VI

Hemos señalado que cuando se demuestre que un abogado o abogada ha incurrido en conducta reñida con los postulados éticos de la profesión legal, determinaremos la sanción disciplinaria adecuada tomando en cuenta los siguientes factores: (1) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (viii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que sean pertinentes a tenor con los hechos. Véase, *In re: Quiñones Ayala*, res. 30 de junio de 2005, 164 D.P.R.___, 2005 TSPR 99; *In re: Montalvo Guzmán,* res. 20 de mayo de 2005, 164 D.P.R. 806, 2005 TSPR 82; *In re: Padilla Rodríguez,* 145 D.P.R. 536 (1998).

Acorde a lo anterior, tomamos en consideración que los querellantes se dieron por satisfechos con el resultado de la demanda que radicaron contra el licenciado Ríos Ríos y la indemnización que éste les pagó. Así lo expresaron en una carta, a la que hicimos referencia en este escrito y con posterioridad a dicha carta, no comparecieron a este procedimiento. También consideramos que el licenciado Ríos

Ríos presentó la declaración jurada de la Dra. Ada Rosabal Silva, Psicóloga Clínica, quien le brindó tratamiento para depresión en fechas no especificadas, pero quien señala que el impacto de la muerte de la madre de los hijos del licenciado Ríos Ríos, en o para el año 2002, pudo ocasionar que éste descuidara los asuntos de su oficina.

Por otra parte, debemos considerar que el licenciado Ríos Ríos no aceptó responsabilidad por los hechos alegados en la demanda que luego transó con los querellantes y que puso como condición al pago de lo acordado el que se desistiera de la queja, contrario a lo que establecimos como valor ético en *In re: Pagán, supra.* Es preciso señalar, además, que hay pendientes ante este Tribunal dos querellas adicionales presentadas por el Procurador General contra el licenciado Ríos Ríos.

Considerado todo lo anterior, ordenamos la suspensión del Lcdo. José R. Ríos Ríos de la práctica de la profesión por el término de nueve meses.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

José R. Ríos Ríos

CP-2006-7

SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión del Lcdo. José R. Ríos Ríos del ejercicio de la abogacía por el término de nueve meses.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Presidente señor Hernández Denton disiente de la sanción disciplinaria impuesta por entender que, a tenor de lo resuelto en In re Fernández Paoli, 141 DPR 10 (1996) e In re García Muñoz, res. 3 abril de 2007, 2007 TSPR 90, procede suspender indefinidamente de la profesión al licenciado Ríos Ríos.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina